Paul David QUINN, Appellant,

v.

The STATE of Texas, Appellee.

No. 53657.

Court of Criminal Appeals of Texas.

Nov. 23, 1977.

Elaine Brady, Court appointed on appeal only, Houston, for appellant.

Carol S. Vance, Dist. Atty., Robert A. Shults and Jack Bodiford, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

This is an appeal from a conviction for murder. The jury assessed the appellant's punishment at 99 years.

The appellant's contentions are numerous, but we abate the appeal.

The appellant filed a motion to suppress his oral and written confessions. The trial judge held a pretrial hearing in order to comply with *Jackson v. Denno,* 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964), and Article 38.22, Vernon's Ann.C.C.P.

In *Hester v. State,* 535 S.W.2d 354, 356 (Tex.Cr.App.1976), we stated:

"It is the trial court that is charged with finding the facts and applying the law. Art. 38.22, Sec. 2, V.A.C.C.P., requires the trial court to enter an order stating its findings. On appeal challenges to the trial court's ruling generally should be directed to whether the trial court abused its discretion in one of its findings of fact or to whether the trial court properly applied the law to those facts found by it. This Court is not the proper forum for the initial fact-finding process, but should restrict its review of the facts to any issues raised in challenge to the trial court's findings. Without adequate findings of fact this Court is much handicapped in its review upon appeal of the trial court's ruling, because it lacks an adequate record of the basis for that ruling. One purpose for requiring the trial court to 'enter an order stating [its] findings' (Art. 38.22, Sec. 2, V.A.C.C.P.) is to make the record reflect, for the parties and for possible appellate review, the basis for the ruling."

In the present case, the trial judge's order recites four findings of fact. Three of the four findings of fact were not in dispute at the hearing. The fourth finding is, at best, conclusory. The order does not recite findings in detail, nor does it resolve numerous disputed fact issues upon which the appellant's grounds of error are based. It does not assist us in determining the sufficiency of the evidence to support whatever unstated findings of fact were made by the trial judge. We are unable to review the appellant's grounds of error which necessarily rely upon the factual findings from the hearing.

Article 38.22, Section 2, Vernon's Ann.C.C.P., requires an order reciting the trial judge's findings on relevant disputed fact issues. See also *Jackson v. Denno,* supra. The disputed fact issues are apparent from the parties' briefs filed in this case.[1] The trial judge, of course, may also review the

1. These disputed fact issues include, but are not limited to, whether: (1) the appellant, prior to making the oral and written confessions, asserted his right to counsel; (2) the appellant asserted his right to remain silent; (3) the appellant was physically beaten at various times and by various officers during the evening in question; (4) the appellant was taken to an interrogation room and questioned prior to or after the search of his residence; (5) the witness Heiser had informed the police of the location of the pistol prior to the search of appellant's residence; and (6) the officers had seized the appellant's keys upon his arrest. These fact issues, among others, relate to the admissibility of the oral and written confession allegedly given by the appellant. The trial judge's conclusory findings of fact and conclusions of law are not sufficient.

transcription of the testimony upon which the original order was entered to assist his recollection of the findings previously made.

Therefore, we abate the appeal and direct the trial judge to reduce to writing his findings on the disputed fact issues surrounding the taking of appellant's oral and written confessions, and to file with this Court his findings.

The appeal is abated.