cr5-136.williams.draft 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00136-CR







Carson Lee Williams, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT


NO. 0945557, HONORABLE WILFORD FLOWERS, JUDGE PRESIDING







 A jury, by a general verdict, found appellant Carson Lee Williams guilty of murder
and assessed punishment at sixty years' imprisonment. Tex. Penal Code Ann. § 19.02(b) (West
1994). By three points of error, appellant contends that the trial court erred by (1) failing to
suppress two written custodial statements by appellant and (2) allowing hearsay testimony into
evidence. We will affirm the trial court's judgment of conviction.



BACKGROUND


 On April 15, 1994, appellant and two of his friends killed Corey House. The
evidence showed that House bled to death after suffering superficial cuts to his head and over one-hundred stab wounds. Appellant turned himself in to the police during the late evening of April
16, 1994, or shortly after midnight on April 17, 1994. Appellant gave police his version of the
events leading to House's death by two custodial statements, one at 8:43 on the morning of April
17 and the second at 2:31 that afternoon. By his second statement, appellant confessed to
participating in the assault that led to House's death. Though defense counsel sought to suppress
the two statements by pretrial motions, asserting that the statements were not given voluntarily,
both were admitted into evidence at trial.

 After appellant filed an appeal, the State filed a motion asking this Court to abate
the cause and remand the case to the trial court to permit the filing of the trial court's findings of
fact and conclusions of law regarding the voluntariness of appellant's statements to the police. 
By supplemental transcript, the district clerk forwarded the trial court's findings and conclusions
related to the voluntariness of appellant's statements. By its findings of facts and conclusions of
law, the trial court determined that appellant was properly given Miranda warnings before the
questioning began, appellant signed a waiver of these rights, both interview sessions were
videotaped in accordance with Texas Code of Criminal Procedure article 38.22, section 3, defense
counsel was timely provided a copy of the videotape, and the face of both statements contained
a full waiver of appellant's rights under article 38.22, section 2(a).



WAIVER OF RIGHTS


 By points of error one and two, appellant contends, as he did in his motion to
suppress, that both of his custodial statements were improperly obtained by the police and 
improperly admitted at trial, and thus his conviction should be reversed and the cause remanded
for a new trial. Appellant complains that the custodial statements are inadmissible because they
fail to show on their face that he waived the rights afforded by Texas Code of Criminal Procedure
article 38.22, section 2(a) as required by article 38.22, section 2(b).

 An accused must knowingly and voluntarily waive his rights in order for a custodial
statement to be admissible. Texas Code of Criminal Procedure article 38.22, sections 2(a) and
2(b) provide:



Sec. 2. No written statement made by an accused as a result of custodial
interrogation is admissible as evidence against him in any criminal proceeding
unless it is shown on the face of the statement that:


(a) the accused, prior to making the statement, either received from a magistrate
the warning provided in Article 15.17 of this code or received from the person
to whom the statement is made a warning that:


 (1) he has the right to remain silent and not make any statement at all and that
any statement he makes may be used against him at his trial;


 (2) any statement he makes may be used as evidence against him in court;


 (3) he has the right to have a lawyer present to advise him prior to and during
any questioning;


 (4) if he is unable to employ a lawyer, he has the right to have a lawyer
appointed to advise him prior to and during any questioning;


 (5) he has the right to terminate the interview at any time; and


(b) the accused, prior to and during the making of the statement, knowingly,
intelligently, and voluntarily waived the rights set out in the warning
prescribed by Subsection (a) of this section.



Tex. Code Crim. Proc. Ann. art. 38.22, § 2 (West 1979) (emphasis added). 

 The first paragraph of both statements provides the time, date, name of the
individual to whom the statement was made, and enumerates appellant's rights pursuant to article
38.22, section 2(a). Appellant acknowledges that the statements reflect on their face that he was
properly given Miranda warnings as well as the warnings to which he was entitled under Texas
Code of Criminal Procedure article 38.22, section 2(a). Appearing immediately following the
enumerated rights and just before the text of appellant's statements typed in all capital letters is
the following paragraph:



I the undersigned, received the foregoing warnings, I fully understand each and all
of the rights contained in the warning, I do hereby knowingly, intentionally and
voluntarily waive my right to be silent and my right to have a lawyer present to
advise me. I make the following statement in writing without any threats or
promises of any kind having been made to me.



Appellant contends that, based upon the face of his statements, he only waived his right to remain
silent and the right to have an attorney present to advise him. Thus, he asserts, the written waiver
of rights did not apply to all of the rights afforded to him and specified by article 38.22, section
2(a). Specifically, appellant contends that he never waived his right to court-appointed counsel
nor the right to terminate the interview. 

 The sufficiency of the warnings required by Miranda and article 38.22, and the
voluntariness of the waiver of the rights protected by those warnings, are distinct and separate
requirements that must be met for a confession to be admissible. Clark v. State, 627 S.W.2d 693,
704 (Tex. Crim. App. 1982). The determination of the voluntariness of a confession is based on
an examination of the totality of the circumstances. Stanley v. State, 866 S.W.2d 306, 310 (Tex.
App.--Houston [14th Dist.] 1993, no pet.) (citing Barney v. State, 698 S.W.2d 114, 120 (Tex.
Crim. App. 1985)). The trial court at a voluntariness hearing is the sole judge of the weight and
credibility of the witnesses. Id. We will not disturb a trial court's finding absent an abuse of
discretion. Stanley, 866 S.W.2d at 310 (citing Sinegal v. State, 582 S.W.2d 135, 137 (Tex.
Crim. App. 1979)). If the trial court's findings are supported by the record, our only inquiry is
whether it properly applied the law to the facts. Stanley, 866 S.W.2d at 310.

 Though appellant's waiver is not a model of clarity, we conclude that the trial court
properly determined that appellant waived his rights in accordance with article 38.22, section 2(b). 
Unlike article 38.22, section 2(a), section 2(b) does not provide any guidelines about particular
or specific language that might be included as part of a written statement that would constitute a
knowing, intelligent, and voluntary waiver by an individual of the section 2(a) rights. Pursuant
to article 38.22, section 2(b), what must appear on the face of the statement is a showing that
appellant effectively waived the rights he was informed of pursuant to article 38.22, section 2(a). 
See Garcia v. State, 919 S.W.2d 370, 386-87 (Tex. Crim. App. 1996) (opinion on rehearing)
(defendant explicitly waived article 38.22, section (2)(a) rights though statement did not contain
specific language regarding each right). When reviewing the statements in their entirety,
considering the warnings, provisions, appellant's acknowledgments, and his signatures on the face
of the statements, we conclude that appellant effectively waived his rights.

 Appellant explicitly waived his right to court appointed counsel by the recitation
appearing on the face of the statement that he waived "my right to have an attorney present to
advise me." Garcia, 919 S.W.2d at 404. Appellant's statement that he understood all of the
rights set forth in the preceding paragraph in conjunction with his signature at the bottom of each
page of the statements indicates on the face of his statements that he terminated the interview at
the end of the statements and not before. If appellant wanted to end the interview at a time other
than when he did, he would not have signed at the conclusion of each page. Additionally, just
before each statement was taken, the record shows that appellant was given Miranda warnings and
signed a witnessed, dated, and time-stamped statement reciting that, "I have received and
understand the warning on the other side of this card. I agree to waive these rights and make a
statement." Considering all of the circumstances and the face of appellant's statements, we
conclude that the trial court did not abuse its discretion by determining that appellant waived his
rights pursuant to article 38.22, section (2)(b). We overrule appellant's points of error one and
two.



HEARSAY TESTIMONY


 By point of error three, appellant complains that three portions of testimony were
hearsay and were erroneously admitted at trial. Appellant made numerous hearsay objections to
testimony at trial by witnesses testifying about what members of appellant's party had told them
about the circumstances of the events.

 The State responds that the testimony complained of was not offered for the truth
of the matter asserted. Additionally, the State contends that the evidence complained about was
either cumulative of other testimony admitted without objection or it concerned inconsequential
details that added nothing to the State's case or harmed appellant. We agree.

 The first portion of testimony about which appellant complains concerns out of
court statements that relate to appellant's co-defendant rather than to appellant and addresses
inconsequential information that made no contribution to appellant's conviction. The second
portion about which appellant complains relates to the thought process of appellant's co-defendant
rather than appellant. Finally, appellant complains about twelve pages of testimony by appellant's
girlfriend regarding what one of the members of the party told her. This portion of evidence also
made no contribution to appellant's conviction.

 In reviewing the challenged testimony we conclude beyond a reasonable doubt that
error, if any, in the admission of the testimony, made no contribution to appellant's conviction. 
Tex. R. App. P. 81(b)(2). We overrule appellant's third point of error.



CONCLUSION


 Having overruled all of appellant's points of error, we affirm the trial court's
judgment of conviction.



 Mack Kidd, Justice

Before Chief Justice Carroll, Justices Aboussie and Kidd

Affirmed

Filed: July 17, 1996

Do Not Publish



 part of a written statement that would constitute a
knowing, intelligent, and voluntary waiver by an individual of the section 2(a) rights. Pursuant
to article 38.22, section 2(b), what must appear on the face of the statement is a showing that
appellant effectively waived the rights he was informed of pursuant to article 38.22, section 2(a). 
See Garcia v. State, 919 S.W.2d 370, 386-87 (Tex. Crim. App. 1996) (opinion on rehearing)
(defendant explicitly waived article 38.22, section (2)(a) rights though statement did not contain
specific language regarding each right). When reviewing the statements in their entirety,
considering the warnings, provisions, appellant's acknowledgments, and his signatures on the face
of the statements, we conclude that appellant effectively waived his rights.

 Appellant explicitly waived his right to court appointed counsel by the recitation
appearing on the face of the statement that he waived "my right to have an attorney present to
advise me." Garcia, 919 S.W.2d at 404. Appellant's statement that he understood all of the
rights set forth in the preceding paragraph in conjunction with his signature at the bottom of each
page of the statements indicates on the face of his statements that he terminated the interview at
the end of the statements and not before. If appellant wanted to end the interview at a time other
than when he did, he would not have signed at the conclusion of each page. Additionally, just
before each statement was taken, the record shows that appellant was given Miranda warnings and
signed a witnessed, dated, and time-stamped statement reciting that, "I have received and
understand the warning on the other side of this card. I agree to waive these rights and make a
statement." Considering all of the circumstances and the face of appellant's statements, we
conclude that the trial court did not abuse its discretion by determining that appellant waived his
rights pursuant to article 38.22, section (2)(b). We overrule appellant's points of error one and
two.



HEARSAY TESTIMONY


 By point of error three, appellant complains that three portions of testimony were
hearsay and were erroneously admitted at trial. Appellant made numerous hearsay objections to
testimony at trial by witnesses testifying about what members of appellant's party had told them
about the circumstances of the events.

 The State responds that the testimony complained of was not offered for the truth
of the matter asserted. Additionally, the State contends that the evidence complained about was
either cumulative of other testimony admitted without objection or it concerned inconsequential
details that added nothing to the State's case or harmed appellant. We agree.

 The first portion of testimony about which appellant complains concerns out of
court statements that relate to appellant's co-defendant rather than to appellant and addresses
inconsequential information that made no contribution to appellant's conviction. The second
portion about which appellant complains relates to the thought process of appellant's co-defendant
rather than appellant. Finally, appellant complains about twelve pages of testimony by appellant's
girlfriend regarding what one of the members of the party told her. This portion of evidence also
made no contribution to appellant's conviction.

 In reviewing the challenged testimony we conclude beyond a reasonable doubt that
error, if any, in the admission of the testimony, made no contribution to appellant's conviction. 
Tex. R. App. P. 81(b)(2). We overrule appellant's third point of error.



CONCLUSION


 Having overruled all of appellant's points of error, we affirm the trial court's
judgment of conviction.