NO. 07-02-0506-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



MAY 17, 2004



______________________________




DANIEL MEDRANO, APPELLANT



v.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2002-439055; HON. JIM BOB DARNELL, PRESIDING



_______________________________



Before QUINN and REAVIS, JJ., and BOYD, S.J. (1)

 In this appeal, appellant Daniel Medrano challenges his conviction of possession
of a controlled substance (cocaine) with intent to deliver in an amount of less than 200
grams but more than four grams and the resulting jury-assessed punishment of 44 years
confinement in the Institutional Division of the Texas Department of Criminal Justice. In
pursuing his appeal, he presents one issue in which he contends that the trial court erred
in denying his motion to suppress evidence. Disagreeing that reversal is required, we
affirm the judgment of the trial court.

 On December 17, 2001, at approximately 1:00 p.m., Lubbock police stopped a
vehicle as a result of a traffic violation. As the vehicle was pulled over, an Hispanic man
jumped out of the right front passenger seat and fled the scene. Lubbock officers entered
a nearby bar and inquired if anyone had come into the bar within the last few minutes. 
Appellant was in that bar and was pointed out by the doorman as a person who had just
entered. Appellant was detained by a back-up officer who obtained his I.D. and ran a
warrant check on him. While they were awaiting the results of the check, the officer who
stopped the vehicle arrived, but was unable to identify appellant as the fugitive. As a result
of the check, appellant was arrested because of an outstanding warrant. He was placed
in a patrol car and transported to the police station. Upon arrival there, appellant was
taken out of the car and, as this was done, the cocaine giving rise to the prosecution was
found. He subsequently gave the confession sought to be suppressed.

 Appellant argues that he should have been released when the officer who stopped
the car arrived at the bar and could not identify him as the individual who ran from the car. 
He reasons that because of this, "his Terry (2) detention became unreasonable and exceeded
the scope [of] intrusion allowed under Terry." Appellant filed a pretrial motion to suppress
on this basis. Although a hearing was held on the motion, no order expressly overruling
the motion appears in the record. Even so, the trial court's actions at trial, including the
admission of the cocaine into evidence is sufficient to constitute an implied overruling of
the motion and, absent waiver, preserve the question for appellate review. See Gutierrez
v. State, 36 S.W.3d 509, 511 (Tex. Crim. App. 2001); Rey v. State, 897 S.W.2d 333, 336
(Tex. Crim. App. 1995).

 In considering appellant's appellate contentions, the record reveals the following
colloquy when the cocaine was tendered into evidence by the State:

 Prosecutor: Your Honor, at this time, we would tender State's Exhibits Five
and Five-B.


 Defense Counsel: Judge, there hadn't been anything to say that scientifically
it is cocaine, but I know that is what they picked up, and I don't object to that.
[Emphasis added.]


 The general rule is that when a pretrial motion to suppress is overruled, an accused
need not subsequently object to the admission of the same evidence at trial in order to
preserve error. See Gearing v. State, 685 S.W.2d 326, 329 (Tex. Crim. App. 1985),
overruled on other grounds by Woods v. State, 956 S.W.2d 33 (1997); McGrew v. State,
523 S.W.2d 679, 681 (Tex. Crim. App. 1975). However, when the accused affirmatively
states at trial that he has "no objection" to the admission of the evidence about which
complaint is made on appeal, despite the pretrial ruling, he waives any error in the
admission of the evidence. See Jones v. State, 833 S.W.2d 118, 126 (Tex. Crim. App.
1992), cert. denied, 507 U.S. 921, 113 S.Ct. 1285, 122 L.Ed.2d 678 (1993); Gearing v.
State, 685 S.W.2d at 329; Harris v. State, 656 S.W.2d 481, 484 (Tex. Crim. App. 1983).

 Because of appellant's express consent to the admission of the evidence, he has
waived his right to appellate review of its admission in this direct appeal. Appellant's issue
must be, and is hereby overruled. 

 Accordingly, the judgment of the trial court is affirmed. 


 

 John T. Boyd

 Senior Justice


Do not publish.
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. 
Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2004). 
2. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).



fact issue regarding the legality of a search).

 Appellant also argues that his wife's testimony created a factual dispute. She
testified she had never seen appellant in possession of cocaine and denied that the
cocaine belonged to him. However, the evidence established that appellant and his wife
had been separated for two weeks prior to the arrest and she and the children had been
living elsewhere. She was at the residence on the day the warrant was executed to pick
up her children and although she and appellant had reconciled, she had not moved back
in. Her testimony was, therefore, insufficient to raise a fact issue regarding the probable
cause affidavit in support of the search warrant. There being no factual dispute on the
legality of the search and seizure of cocaine, the trial court did not err in denying
appellant's request for an article 38.23(a) instruction. Issue one is overruled.

 By his second and third issues, appellant contends the trial court erred in admitting
into evidence his oral confession claiming ownership of the cocaine because it was
involuntary under federal and Texas law and was the product of custodial interrogation, 
which required that it be electronically recorded. Tex. Code Crim. Proc. Ann. art. 38.22,
§ 3(a)(1) (Vernon 2005). Because both contentions stem from a controversy on whether
appellant was induced into admitting ownership of the cocaine in exchange for his wife's
release, we will consider them simultaneously.

 A confession is admissible only if voluntarily given. Jackson v. Denno, 378 U.S.
368, 385-86, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964). It must be free and voluntary and it
must not be extracted by any sort of threats or violence, nor obtained by any direct or
implied promises, however slight, nor by exertion of any improper influence. Malloy v.
Hogan, 378 U.S. 1, 7, 84 S.Ct. 1489, 12 L.Ed.2d 653 (1964). A threat made by law
enforcement to arrest or punish a close relative or a promise to free a relative of a suspect
in exchange for a confession may render the suspect's confession inadmissible. Roberts
v. State, 545 S.W.2d 157, 161 (Tex.Cr.App. 1977). However, where no express or implied
promise or threat is made by law enforcement, a suspect's belief that his cooperation will
benefit a relative will not render a confession inadmissible. Id.

 A trial court's ruling on admission of evidence is reviewed for abuse of discretion. 
Weatherred v. State, 15 S.W.3d 540, 542 (Tex.Cr.App. 2000). The standard is the same
for a trial court's ruling on a motion to suppress. Oles v. State, 993 S.W.2d 103, 106
(Tex.Cr.App. 1999). We apply a bifurcated standard of review giving almost total
deference to the court's determination of historical facts and reviewing de novo its
application of the law to those facts. Laney v. State, 117 S.W.3d 854, 857 (Tex.Cr.App.
2003); State v. Ross, 32 S.W.3d 853, 856 (Tex.Cr.App. 2000); see also Guzman v. State,
955 S.W.2d 85, 89 (Tex.Cr.App. 1997). The evidence should be viewed in the light most
favorable to the court's ruling. Armendariz v. State, 123 S.W.3d 401, 402 (Tex.Cr.App.
2003), cert. denied, 541 U.S. 974, 124 S.Ct. 1883, 158 L.Ed.2d 469 (2004); State v.
Ballard, 987 S.W.2d 889, 891 (Tex.Cr.App. 1999). In a suppression hearing the trial court
is the sole judge of the credibility of the witnesses and the weight to be given their
testimony. Ross, 32 S.W.3d at 855. 

 At a hearing on appellant's motion to suppress, Officer Hazlett testified that after the
cocaine was discovered in the kitchen, he and one of his deputies discussed whether to
arrest both adults in the home due to the quantity of cocaine. According to Hazlett,
appellant, who was in the living room on the other side of a partition or bar, must have
overheard them and, within minutes, asserted his wife "didn't know anything about this"
and admitted ownership of the cocaine. Although appellant testified he had overheard the
officers discussing whom to arrest, he testified, contrary to Hazlett, that he was induced
into admitting ownership of the cocaine to secure his wife's release. Appellant's wife
testified she could not remember if an officer asked appellant "what's this," but likewise
maintained appellant confessed in exchange for her release.

 Appellant maintains his trial testimony demonstrating that his confession was
induced by a promise of leniency for his wife was not challenged by the State on cross-examination. However, during the State's case-in-chief, Officer Hazlett testified that
appellant overheard officers discussing whom to arrest and spontaneously admitted
ownership of the cocaine and claimed his wife didn't know anything.

 We acknowledge that uncontroverted testimony of an accused that a confession
was obtained in a coercive manner renders it inadmissible as a matter of law. Sinegal v.
State, 582 S.W.2d 135, 137 (Tex.Cr.App. 1999). The evidence on the voluntariness of
appellant's confession, however, was controverted. As trier of fact, the trial court was the
exclusive judge of the credibility of the witnesses and the weight to be afforded their
testimony in determining the voluntariness of appellant's confession. Burks v. State, 583
S.W.2d 389, 393 (Tex.Cr.App. 1979). The trial court had the duty and responsibility to
resolve the controverted facts and did so favorably to the State. Moore v. State, 700
S.W.2d 193, 202-03 (Tex.Cr.App. 1985), cert. denied, 474 U.S. 1113, 106 S.Ct. 1167, 89
L.Ed.2d 289 (1986). 

 We do not overlook appellant's reliance on Tovar v. State, 709 S.W.2d 25
(Tex.App.-Corpus Christi 1986, no pet.), to support his argument that his confession was
induced. However, it is distinguishable. In Tovar, the defendant's confession was held
inadmissible because it was obtained by a promise of leniency for his pregnant wife. Id.
at 29. The investigator affirmatively testified on cross-examination that Tovar was induced
into confessing to possession of marihuana that had been seized from a car owned by his
wife so charges would not be filed on her. Id. at 28. 

 In the underlying case, there is no evidence of a direct or implied promise, improper
influence, or threat by any officers. Although appellant and his wife testified that appellant
was induced into confessing, he also testified that when he overheard officers ask "what's
this" upon finding the cocaine, he indicated "[t]hey weren't saying it loud, like, to me or
anything. . . . They weren't really asking me anything." Officer Hazlett testified that
appellant must have overheard officers discussing whether to arrest both adults and a few
minutes later confessed. We conclude the trial court's ruling that appellant's confession
was admissible because it was voluntary and was not an abuse of discretion. Issue two
is overruled.

 Appellant contends his oral confession was the result of interrogation while in
custody and should have been electronically recorded as required by article 38.22, section
3(a)(1) of the Texas Code of Criminal Procedure. We disagree. Article 38.22 generally
precludes the use of statements that result from custodial interrogation, absent compliance
with procedural safeguards. Shiflet v. State, 732 S.W.2d 622, 623 (Tex.Cr.App. 1985). 
Section 3(a)(1) prohibits admission of an oral statement unless an electronic recording is
made. However, section 5 specifically exempts statements that do not stem from custodial
interrogation or that are voluntary. The State concedes that appellant was in custody. 
Thus, the decisive question is whether appellant's oral confession was the result of
interrogation.

 Interrogation refers not only to express questioning, but also to words or actions of
police officers that they should know are reasonably likely to elicit an incriminating
response from a suspect. Rhode Island v. Innis, 446 U.S. 291, 299-302, 100 S.Ct. 1682,
64 L.Ed.2d 297 (1980). See also Morris v. State, 897 S.W.2d 528, 531 (Tex.App.-El Paso
1995, no pet.). As conceptualized in Miranda, interrogation must reflect a measure of
compulsion above and beyond that inherent in custody itself. Innis, 446 U.S. at 300. 
When a suspect in custody spontaneously volunteers information that is not in response
to interrogation by officers, the statement is admissible even though not recorded because
it is not the product of custodial interrogation. Stevens v. State, 671 S.W.2d 517, 520
(Tex.Cr.App. 1984).

 As analyzed above, appellant, who was in the living room, spontaneously claimed 
ownership of the cocaine after overhearing officers in the kitchen discuss whether his wife
would be arrested. There is no evidence of interrogation by words or actions on the part
of the officers that elicited appellant's confession regarding the cocaine. (3) By his own
testimony, appellant admitted he was not directly questioned or spoken to when Officer
Hazlett remarked, "what's this." The confession was not obtained through some measure
of compulsion distinct from any compulsive effect inherent in being placed in custody. 
Smith v. State, 60 S.W.2d 885, 889 (Tex.App.-Amarillo 2001, no pet.). Without such
compulsion, direct or indirect, appellant's confession did not arise from custodial
interrogation. The trial court's ruling that appellant's confession was not the result of
custodial interrogation is supported by the record. Thus, there was no requirement that the
confession be electronically recorded. Issue three is overruled. 

 Accordingly, the judgment of the trial court is affirmed.


 Don H. Reavis

 Justice


 

Do not publish.
1. Appellant does not challenge the conviction for possession of marihuana.
2. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). 
3. Appellant admitted possessing marihuana when asked if there was anything he
wished to tell the officers upon their entry into the residence. However, he does not
challenge the marihuana conviction and we decline to hold that the inquiry resulted in
interrogation regarding the cocaine which was not found until later. Appellant testified that
during the interim several officers were in the living room with him but did not question him
nor speak to him.