# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-03-00529-CR

**Alexis Robledo, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 390TH JUDICIAL DISTRICT
## NO. 3020206, HONORABLE JULIE H. KOCUREK, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Alexis Robledo pleaded guilty to the offense of murder, and waived his right to a jury trial. After finding the appellant guilty of first degree murder with an affirmative finding that a deadly weapon had been used, the trial court assessed punishment at forty years' imprisonment. Because the trial court failed to make written findings of fact and conclusions of law regarding the voluntariness of his confession prior to his plea, appellant urges on appeal that his plea was involuntary and this cause should be remanded. Finding no ground for reversal, we affirm the conviction.

After being advised of his rights and questioned at the police station about a homicide following a drug deal, appellant was remorseful and agreed to give a written statement. At the conclusion of the process, a detective asked appellant if he understood the statement and if it was

his statement as he intended. Appellant stated that he understood the statement and that it was as he intended. He executed the statement in front of two witnesses. This process was videotaped.

At a hearing on a motion to suppress his oral and written statements, appellant urged that the statements were involuntary and obtained in violation of the Fourth, Fifth, Sixth, and Fourteenth Amendments of the United States and Texas Constitutions, and various provisions of the Texas Code of Criminal Procedure. Appellant acknowledged in open court that his plea was voluntary, and he signed written admonishments attesting to the voluntary nature of his plea; his trial counsel attested to appellant's competence to make such a plea. At the close of the hearing, the trial court denied appellant's motion to suppress the statements, finding them voluntary and in compliance with article 38.22 of the Texas Code of Criminal Procedure. *See* Tex. Code. Crim. Proc. Ann. art. 38.22 (West 1979 & Supp. 2004-05). The court agreed to enter written findings of fact and conclusions of law as required, and asked the State's attorney to prepare them.

Evidently, the State failed to submit proposed findings to the trial court and no findings were entered prior to appellant's plea of guilty in July 2003. On March 11, 2004, this Court granted appellant's motion to abate the appeal for preparation of written findings of fact and conclusions of law regarding the voluntariness of the statements. The trial court filed its findings on March 23, 2004.

## DISCUSSION

Because appellant did not have the benefit of the trial court's written findings before he pleaded guilty, in a single issue on appeal he contends that his plea was not entered voluntarily and knowingly. He urges that he was entitled to know the rationale behind the trial court's decision

to admit the statements after the court made its finding in open court that the statements were voluntarily made. Without the written findings, he asserts that his plea should not have been accepted by the trial court.

A defendant who has raised the issue is entitled to a hearing in the absence of a jury to determine the voluntariness and admissibility of a confession. *See Jackson v. Denno*, 378 U.S. 368, 377 (1964). It is reversible error to fail or refuse to hold a hearing when these issues are raised. *Id.*; *Madden v. State*, 691 S.W.2d 688, 691 (Tex. Crim. App. 1985). Article 38.22, section 6, of the Code of Criminal Procedure provides in pertinent part:

> In all cases where a question is raised as to the voluntariness of a statement of an accused, the court must make an independent finding in the absence of the jury as to whether the statement was made under voluntary conditions. If the statement has been found to have been voluntarily made and held admissible as a matter of law and fact by the court in a hearing in the absence of the jury, the court must enter an order stating its conclusion as to whether or not the statement was voluntarily made, along with the specific finding of facts upon which the conclusion was based, which order shall be filed among the papers of the cause.

Tex. Code Crim. Proc. Ann. art. 38.22, § 6 (West 1979). It is undisputed that the trial court conducted the mandatory hearing.

The requirement that the trial court make fact findings is also mandatory. *McKittrick v. State*, 535 S.W.2d 873, 876 (Tex. Crim. App. 1976). If the court determines that the statement was voluntarily made and that it is admissible as a matter of law and fact, the court is required to enter an order stating its conclusion that the statement was voluntary, along with the specific findings of fact on which the conclusion is based. Tex. Code Crim. Proc. Ann. art. 38.22, § 6. The defendant then has the option of entering a negotiated conditional plea and reserving his right to contest the

3

admission of the statement on appeal, or proceeding to jury trial to present the issue of the voluntariness of the statements, along with "evidence pertaining to such matter," for the jury's consideration. *Id.* The jury is not permitted to view the court's order, nor to be informed of the court's findings of fact. *Id.* While the trial court did state on the record its conclusion that the statements were voluntary, it failed to state specific facts upon which its conclusion was based or to "enter an order" as required by article 38.22.

The purpose of the fact findings is to enable the appellate court and the parties to review the basis of the trial court's ruling. *Wicker v. State*, 740 S.W.2d 779, 783 (Tex. Crim. App. 1987); *Quinn v. State*, 558 S.W.2d 10, 11 (Tex. Crim. App. 1977); *Hester v. State*, 535 S.W.2d 354, 356 (Tex. Crim. App. 1976); *Nichols v. State*, 810 S.W.2d 829, 831 (Tex. App.—Dallas 1991, pet. ref'd). The appellate court can then determine whether the trial court's findings are supported by the record. *Romero v. State*, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990). Without those findings, the defendant is hampered in his attempt to demonstrate error. On appeal, challenges to the trial court's ruling are generally directed to whether the trial court abused its discretion in a specific finding, or whether the trial court properly applied the law to the facts found by it. *See*, *e.g.*, *Wyatt v. State*, 23 S.W.3d 18, 23 (Tex. Crim. App. 2000); *State v. Ballard*, 987 S.W.2d 889, 891 (Tex. Crim. App. 1999). This initial fact-finding is the province of the trial court; adequate fact-finding enables a defendant to attack specific findings based on their support in the written record. *Aldrich v. State*, 104 S.W.3d 890, 893-94 (Tex. Crim. App. 2004). By entering an order as to findings of fact and conclusions of law, the trial court creates a record for the parties and this court to review the basis of its ruling. *See Kutzner v. State*, 75 S.W.3d 427, 435 (Tex. Crim. App. 2002). Otherwise, the

appellate court will view the evidence in the light most favorable to the trial court's ruling, a lower threshold not allowed under the procedures specified in article 38.22. *See*, *e.g.*, *Carmouche v. State*, 10 S.W.3d 323, 332 (Tex. Crim. App. 2000).

But the lack of written findings in an order prior to the guilty plea does not render the plea involuntary. The defendant was present and heard the witnesses testify at the hearing. He had knowledge of the manner in which the State obtained the statement and the circumstances of the denial of the motion. Although he claims that without the findings he lacks sufficient information to evaluate whether he should plead guilty or proceed to trial, he cites no authority for the proposition that this makes his plea involuntary. There is no claim that he received misinformation or was misled by the trial court or his attorney in any manner that rendered his plea involuntary. And having received the written findings, appellant does not contend that they are not supported by the evidence or that he would have taken an alternate route in light of the findings. He does not demonstrate that the findings would have affected his plea in any manner. Significantly, he also does not challenge the findings. And the record supports a conclusion by the trial court that the appellant entered his plea voluntarily and knowingly.

Appellant's remedy is not a new trial. He had the option of pleading guilty and preserving his right to appeal the suppression issue, or of proceeding to trial and challenging the admission of the statements at trial. Appellant has not demonstrated that a lack of knowledge in this case as to the trial court's specific findings had any bearing on the appellant's options of going to trial or pleading guilty. This Court has already provided appellant with his remedy: when the trial

5

court failed to enter findings of fact and conclusions of law, we abated his appeal until the findings were entered.

Overruling appellant's single issue presented, we affirm the judgment of conviction.

_____

Jan P. Patterson, Justice

Before Chief Justice Law, Justices Patterson and Puryear

Affirmed

Filed:   January 21, 2005

Do Not Publish