**Roger Dale HESTER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Randall Lewis NYMAN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 49924–49929.**

Court of Criminal Appeals of Texas.

April 14, 1976.

Bill Bender, Seguin, for Roger Dale Hester.

Malcolm C. Halbardier, San Antonio, for Randall Lewis Nyman.

Ted Butler, Dist. Atty., Charles T. Conaway, Lucien B. Campbell and Susan D. Reed, Asst. Dist. Attys., San Antonio, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

Each appellant was convicted for two murders and one burglary of a private residence at night. Punishment was assessed at life for each murder conviction and at sixty years for each burglary.

Each appellant contends the trial court erred in admitting written confessions into evidence. Each filed a motion to suppress his own confession. Following a hearing on the motions they were overruled by the trial court and the evidence was subsequently admitted. In their briefs appellants challenge that ruling on several different grounds.

 The transcribed court reporter's notes for the hearing on the motions to suppress exceed 400 pages. Twenty-two witnesses testified to events occurring over a period of several hours at different loca-

tions with different people present at different times and for different periods of time. While the cold record is before us in its entirety, it remains but a cold record. It is the trial court that is charged with finding the facts and applying the law. Art. 38.22, Sec. 2, V.A.C.C.P., requires the trial court to enter an order stating its findings. On appeal challenges to the trial court's ruling generally should be directed to whether the trial court abused its discretion in one of its findings of fact or to whether the trial court properly applied the law to those facts found by it. This Court is not the proper forum for the initial fact-finding process, but should restrict its review of the facts to any issues raised in challenge to the trial court's findings. Without adequate findings of fact this Court is much handicapped in its review upon appeal of the trial court's ruling, because it lacks an adequate record of the basis for that ruling. One purpose for requiring the trial court to "enter an order stating [its] findings" (Art. 38.22, Sec. 2, V.A.C.C.P.) is to make the record reflect, for the parties and for possible appellate review, the basis for the ruling.

The trial court's order in the instant case reads as follows:

### "ORDER

"The Court finds that the statement or confession of the defendant, RANDALL LEWIS NYMAN, marked State's Exhibit NO. 2, to have been voluntarily made contemporaneously with a knowledgeable waiver of right to assistance of counsel and is held to be admissible as a matter of law and fact.

"The court further finds that the statement of the defendant, ROGER DALE HESTER, marked State's Exhibit NO. 3, to have been voluntarily made contemporaneously with a knowledgeable waiver of the right to assistance of counsel and it is held to be admissible as a matter of law and fact.

"The Motions to Suppress, three Motions to Suppress are in their entirety overruled."

■ This order does not recite the findings of the trial court in any detail. It does not resolve numerous disputed fact issues upon which appellants' grounds of error are based. As a result it does not assist this Court in determining the sufficiency of the evidence to support whatever unstated findings of fact were made by the fact finder. Consequently, we are unable to review the findings challenged by the appellants' grounds of error.

The order required by Article 38.22, Sec. 2, V.A.C.C.P., must recite the court's findings on relevant disputed fact issues.[1]

The disputed fact issues upon which findings should be returned to this Court should be apparent from the parties' briefs filed in the individual cases. The trial judge may also review the transcription of the testimony upon which the original order was entered, if necessary, in order to aid his recollection of the findings previously made.

In this case we abate the appeal and direct the trial judge to reduce to writing his findings on the disputed fact issues surrounding the taking of appellants' confessions raised in the grounds of error challenging the court's ruling on their admissibility, and to file with this Court his certificate reciting those findings.

The appeals are abated.

1. See also *Jackson v. Denno*, 378 U.S. 368, 391, 84 S.Ct. 1774, 1788, 12 L.Ed.2d 908 (1964), wherein it was stated:

"These procedures [for determining the voluntariness of a confession] must, therefore, be fully adequate to insure a reliable and clear-cut determination of the voluntariness of the confession, including the resolution of disputed facts upon which the voluntariness issue may depend.".