Marcia McKITTRICK, Appellant,

v.

The STATE of Texas, Appellee.

No. 51364.

Court of Criminal Appeals of Texas.

April 28, 1976.

Charles L. Caperton and Kenneth E. Labowitz, Dallas, for appellant.

Carol S. Vance, Dist. Atty., Phyllis M. Bell and Bob Bennett, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

GREEN, Commissioner.

In a trial before the court on a plea of not guilty, appellant was convicted of murder. Punishment was assessed at ten years.

Appellant's sole ground of error reads:

"The trial court erred in denying appellant's motion to suppress her confession of September 25, 1973, because said confession was coerced and involuntary; the circumstances under which the confession was obtained reveal that her protected rights were violated in its production."

Appellant specifically complains that she was taken from Dallas to Houston by Houston police officers without the knowledge or consent of her retained attorney; that the officers taking her discussed the case with her prior to her receiving the Miranda warning; that the confession was procured by virtue of promises of immunity and medical attention made by Detective J. W. Carpenter, and was taken while she was under the influence of drugs and suffering from heroin withdrawal symptoms; and that she did not knowingly and voluntarily waive her Miranda rights.

After a hearing on appellant's motion to suppress her written confession, the court overruled the motion, and the confession was admitted in evidence over appellant's objections at her trial.

The transcription of the court reporter's notes of the evidence at the hearing exceeds 250 pages. Both the State and appellant placed a number of witnesses on the stand. Appellant testified, giving her view of the proceedings leading to the confession. The testimony of State and defense witnesses concerned events occurring in Houston, Dallas and Lubbock over a period of several days. Among the fact issues raised were whether appellant knowingly and intelligently waived the presence of counsel and her right to remain silent, whether she was under the influence of drugs which led to her giving the confession, whether her confession was secured as the result of promises made her by the officer taking the confession.

No order was entered by the trial court stating its findings on the fact issues raised at the hearing. The only ruling of the court reflected by the record was the statement made at the close of the hearing on the motion to suppress:

"THE COURT: The Defendant's objection to State's Exhibit No. 1 (the written confession) is overruled, and the Defendant's Motion to Suppress the Statement is overruled and denied."

■ A determination by the trial judge of the voluntariness of a defendant's confession prior to its admission in evidence is a constitutional and statutory requirement, and such determination must distinctly appear in the record. *Jackson v. Denno*, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908; *Sims v. Georgia*, 385 U.S. 538, 87 U.S. 639, 17 L.Ed.2d 593; *Davis v. State*, Tex.Cr. App., 499 S.W.2d 303; *Lopez v. State*, Tex. Cr.App., 384 S.W.2d 345. Also see Art. 38.22, Sec. 2, V.A.C.C.P.[1]

In *Davis v. State*, supra, the trial court, after conducting a hearing on the defendant's motion to suppress the confession, failed to make *any* fact findings on the issues raised, as expressly required by Art. 38.22, Sec. 2, V.A.C.C.P., supra, but merely overruled the motion to suppress, and admitted the confession in evidence. On the original submission this Court, with two judges dissenting, held that the failure of the trial court to comply with the constitutional and statutory requirements of making fact findings as to the voluntariness of the confession constituted reversible error, and ordered the judgment reversed and the cause remanded. On rehearing, a supplemental transcript containing the written findings of the trial court as to the voluntariness of the confession, which findings were made subsequent to the opinion remanding the cause, was filed in this Court. Thereupon, a majority of the Court, with two judges dissenting, held that both constitutional and statutory requirements had been met, and proceeded to consider the appeal and affirm the judgment.

In *Hester v. State*, Tex.Cr.App., 535 S.W.2d 354 (1976), the question of the vol-

untariness of defendant's confession was also raised in the trial court. The trial judge, after conducting a hearing on defendant's motion to suppress the confession, overruled the motion and made fact findings as follows:

"The Court finds that the statement or confession of the defendant, RANDALL LEWIS NYMAN, marked State's Exhibit No. 2, to have been voluntarily made contemporaneously with a knowledgeable waiver of right to assistance of counsel and is held to be admissible as a matter of law and fact.

"The court further finds that the statement of the defendant, ROGER DALE HESTER, marked State's Exhibit No. 3, to have been voluntarily made contemporaneously with a knowledgeable waiver of the right to assistance of counsel and it is held to be admissible as a matter of law and fact.

"The Motions to Suppress, three Motions to Suppress are in their entirety overruled."

In holding the findings to be insufficient to comply with the mandatory requirements of Art. 38.22, Sec. 2, V.A.C.C.P., supra, we said:

"This order does not recite the findings of the trial court in any detail. It does not resolve numerous disputed fact issues upon which appellants' grounds of error are based. As a result it does not assist this Court in determining the sufficiency of the evidence to support whatever unstated findings of fact were made by the fact finder. Consequently, we are unable to review the findings challenged by the appellants' grounds of error.

"The order required by Article 38.22, Sec. 2, V.A.C.C.P., must recite the court's findings on relevant disputed fact issues."

In *Hester*, supra, where findings were made by the trial court, but which findings

1. Art. 38.22, Sec. 2, V.A.C.C.P.

"In all cases where a question is raised as to the voluntariness of a confession or statement, the court *must* make an independent finding in the absence of the jury as to whether the confession or statement was made under voluntary conditions. If the confession or statement has

been found to have been voluntarily made and held admissible as a matter of law and fact by the court in a hearing in the absence of the jury, the court *must* enter an order stating its findings, which order shall be filed among the papers of the cause. . . . ." (Emphasis added)

were insufficient to resolve numerous disputed fact issues upon which the defendants' grounds of error were based, this Court, in a unanimous opinion, abated the appeal, with instructions to the trial court to make findings upon the disputed fact issues raised in the parties' briefs concerning the voluntariness of the defendants' confessions and file same with this Court. In so doing, we said:

"The disputed fact issues upon which findings should be returned to this Court should be apparent from the parties' briefs filed in the individual cases. The trial judge may also review the transcription of the testimony upon which the original order was entered, if necessary, in order to aid his recollection of the findings previously made."

We now hold that (1) whether the trial court makes findings *insufficient* in detail to enable this Court to resolve the fact issues upon which the appealing party bases his grounds of error, as in *Hester*, supra, or (2) whether *no findings* are made to support the ruling of the court of the voluntariness of the confession, as in *Davis*, supra, and in *Figueroa v. State*, Tex.Cr. App., 473 S.W.2d 202, and in the instant case, the appeal in cases where fact issues are raised concerning the voluntariness of a confession and grounds of error are based on such issues will be abated to enable the trial court to make in writing his fact findings on such issues and to file such findings in this Court.

The requirements of Art. 38.22, Sec. 2, V.A.C.C.P., are mandatory, and require the trial court to file its findings regardless of whether the defendant objects to the failure to do so or does not object. *Hester v. State*, supra.

In the instant case, we abate the appeal and direct the trial judge to reduce to writing his findings on the disputed fact issues surrounding the taking of appellant's confession raised in the ground of error challenging the court's ruling on its admissibility, and to file with this Court his certificate reciting those findings. As stated in *Hester*, supra, the trial judge may review

the transcription of the testimony upon which his original ruling was made, if necessary, in order to refresh his recollection of the reasons behind said ruling.

The appeal is abated.

Opinion approved by the Court.