**Willie B. BROOKS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 54322.**

Court of Criminal Appeals of Texas, Panel No. 3.

May 24, 1978.

Charles E. Coleman, Dale Long, on appeal only, Tyler, for appellant.

A. D. Clark, III, Dist. Atty., and Dannis R. Hurst, Asst. Dist. Atty., Tyler, Jim D. Vollers, State's Atty., Austin, for the State.

Before ROBERTS, ODOM and TOM G. DAVIS, JJ.

## OPINION

ODOM, Judge.

This is an appeal from a conviction for forgery. Punishment, enhanced under the provisions of V.T.C.A., Penal Code Sec. 12.-42(d), was assessed at life imprisonment.

The sufficiency of the evidence is not challenged.

■ In his first ground of error the appellant contends that the trial court erred in failing to instruct the jury on the voluntariness of his confession. Art. 38.22, V.A. C.C.P.[1]

It should be noted at the outset that the appellant does not question the sufficiency of the evidence adduced at the *Jackson v. Denno*[2] hearing pertaining to the issue of the voluntariness of the confession. The appellant's ground of error is based on the rule that once evidence is introduced *during the trial on the merits* raising an issue as to the voluntariness of the confession, Art. 38.22, supra, required the trial court to instruct the jury on the matter.[3] Of course, if the evidence offered before the jury did not raise an issue on the voluntariness of his confession, the appellant was not entitled to the jury charge. *Lopez v. State,* Tex.Cr.App., 535 S.W.2d 643; *Yeagin v. State,* Tex.Cr.App., 400 S.W.2d 914; *Dunlap v. State,* 462 S.W.2d 591; *Buchanan v. State,* Tex.Cr.App., 453 S.W.2d 479.

We need not detail here the evidence regarding the taking of the confession that was presented before the jury. In his brief appellant's only citation to the record regarding evidence heard by the jury on the matter is to the State's evidence that the confession was voluntary. The brief then asserts, "The issue of the voluntariness of the confession, having first been raised by the prosecution before the jury, was clearly framed from the outset of the trial and remained the principal issue throughout." We are not convinced that this was the case. Evidence presented by the State in anticipation of an attack on the voluntariness of a confession does not put voluntariness in issue. Only when some evidence is presented that a confession is not voluntary is the matter put in issue. Appellant cites no evidence, and we find none, that raised the issue before the jury.

The first ground of error is overruled.

---

1. Acts 1967, 60th Leg., p. 1740, ch. 659, Sec. 23, eff. Aug. 28, 1967, which controlled at the time of the instant trial.

2. 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964).

3. Art. 38.22, supra, Sec. 3 provides: "When the issue is raised by the evidence, the trial judge shall appropriately instruct the jury, generally, on the law pertaining to such statement or confession."

In his other ground of error the appellant argues that the trial court reversibly erred by failing to make findings of fact and conclusions of law as to the voluntariness of the confession as required by Art. 38.22, supra, and *Jackson v. Denno,* supra. See *Davis v. State,* Tex.Cr.App., 499 S.W.2d 303.[4] In *Jackson v. Denno,* supra, the United States Supreme Court stated:

"Where pure factual considerations are an important ingredient, which is true in the usual case, appellate review in this Court is, as a practical matter, an inadequate substitute for a full and reliable determination of the voluntariness issue in the trial court and the trial court's determination, pro tanto, takes on an increasing finality. The procedures used in the trial court to arrive at its conclusions on the coercion issue progressively take on added significance as the actual measure of the protection afforded a defendant under the Due Process Clause of the Fourteenth Amendment against the use of involuntary confessions. These procedures must, therefore, be fully adequate to insure a reliable and clear-cut determination of the voluntariness of the confession, including the resolution of disputed facts upon which the voluntariness issue may depend. . . ."

In *Hester v. State,* Tex.Cr.App., 535 S.W.2d 354, we abated the appeal therein where the voluntariness of the confession was challenged on appeal and the findings of fact and conclusions of law filed by the trial court were wholly inadequate to "assist this Court in determining the sufficiency of the evidence to support whatever unstated findings of fact were made by the fact finder. Consequently, we [were] unable to review the findings challenged by the appellant's ground of error," at 356. In *Hester* we noted, "[T]his court is not the proper forum for the initial fact finding process, but should restrict its review of the facts to any issues raised in challenge to the

trial court's finding." See also *Quinn v. State,* Tex.Cr.App., 558 S.W.2d 10.

Unlike in *Hester v. State,* supra, the present appellant does not challenge the sufficiency of the evidence pertaining to the voluntariness of his confession. No challenge is made "to whether the trial court abused its discretion in one of its findings of fact or to whether the trial court properly applied the law to those facts found by it." *Hester,* supra, at 356. Although *Hester* and its progeny would require, at most, an abatement of an appeal where the sufficiency of the evidence surrounding the voluntariness of the confession is challenged on appeal and the trial court has filed inadequate findings of fact and conclusions of law to aid this Court in deciding the issue, we perceive no reason to apply the *Hester* rule and abate the present appeal when the appellant has not challenged the voluntariness and admissibility of the confession. The ground of error is overruled.

The judgment is affirmed.

---

4. The trial court did not file in the record a formal instrument denominated as Findings of Fact and Conclusions of Law. It did however, recite into the record its findings after the termination of the *Jackson v. Denno* hearing. The appellant complains of the trial court's failure of making a finding of fact as to whether he was physically capable of making a confession at the time he was interrogated by the police.