John Nathan NICHOLS, Appellant,

v.

The STATE of Texas, Appellee.

No. 05–90–00836–CR.

Court of Appeals of Texas, Dallas.

May 30, 1991.

Don Metcalfe, Dallas, for appellant.

Carolyn Fitzgerald Levin, Dallas, for appellee.

Before STEWART, THOMAS and MALONEY, JJ.

## OPINION

THOMAS, Justice.

John Nathan Nichols was convicted in a jury trial of murder and sentenced to life imprisonment. In five points of error, it is contended that the trial court erred by: (1) failing to enter a written order that stated the conclusion as to the voluntariness of Nichols' written statements and failing to make specific findings of fact upon which the conclusion was based; (2) admitting certain hearsay statements; (3) admitting photographs from the autopsy of the deceased into evidence; (4) allowing the prosecutor to inject new facts, harmful to Nichols, in final argument; and (5) allowing jury argument by the prosecutor that was contrary to the law submitted in the court's charge. We sustain the first point, reverse the trial court's judgment, and remand the cause.

## FACTUAL BACKGROUND

Late one night, Nichols was standing in front of an apartment complex with a group of his friends when Reginald Hamilton, the deceased, approached the group asking whether any of them would sell him some drugs. One person in the group approached Hamilton and sold him some cocaine. As Hamilton was walking away, someone called him back, and the people in the group began to beat up Hamilton. During the fight, Nichols drew his .45 caliber pistol and shot Hamilton in the neck. Hamilton died as a result of the gunshot wound.

Nichols testified that he tried to break up the fight, but Hamilton hit him twice in the mouth. Nichols stated that he saw Hamilton reach toward his pocket and thought that Hamilton was reaching for a gun. Thus, Nichols drew his own gun to protect himself. No gun was found on Hamilton.

## TRIAL COURT'S FINDING ON VOLUNTARINESS OF NICHOLS' WRITTEN STATEMENT

■ In the first point, Nichols contends that the trial court[1] erred by not making written findings of fact and conclusions of law as to the voluntariness of his confession as required by article 38.22, section 6 of the Texas Code of Criminal Procedure. Before the trial began, Nichols filed a motion to suppress requesting that the trial

---

**1.** All references to "judge" or "trial court" in this opinion are to the visiting judge who handled the matter.

court exclude evidence that Nichols had made an oral or written statement concerning the shooting because any such statement was made under conditions that violated his rights under the United States and Texas Constitutions as well as the Code of Criminal Procedure. When the State first offered the statement in evidence, the trial court held a lengthy hearing to determine the voluntariness of the statement. At the conclusion of that hearing, the trial court admitted the statement, saying:

The [c]ourt finds that the statement was free [sic] and voluntarily given after being duly warned of his Miranda rights[,] and the Defendant knowingly waived his rights to counsel[,] and that the statement was voluntarily made and will be submitted. The written finding of fact inclusion of the case and appreciate the State offering post finding facts at the end of the case. [sic] The exhibit will be admitted....

No other findings of fact concerning the voluntariness of Nichols' confession were ever made by the trial court, and it appears that the State did not submit proposed fact findings on this issue. When the case came up on appeal, we abated the matter in order to allow the trial court to make the required findings of fact and conclusions of law.[2] A document labeled "FINDINGS" was signed and was subsequently filed with this Court. However, that document simply contains verbatim the oral statement by the trial court quoted above. Once again, it appears from the record that the State failed to submit proposed findings to the trial court. In its brief, the State contends that the judge fulfilled this Court's order and article 38.22, section 6 by filing the "findings." We disagree.

 Article 38.22, section 6 of the Code of Criminal Procedure provides, in relevant part:

In all cases where a question is raised as to the voluntariness of a statement of an accused, the court must make an independent finding in the absence of the jury as to whether the statement was made under voluntary conditions. If the statement has been found to have been voluntarily made and held admissible as a matter of law and fact by the court in a hearing in the absence of the jury, *the court must enter an order stating its conclusion as to whether or not the statement was voluntarily made, along with the specific finding of facts upon which the conclusion was based,* which order shall be filed among the papers of the cause.

TEX.CODE CRIM.PROC.ANN. art. 38.22, § 6 (Vernon 1979) (emphasis added). The requirement that the trial court make fact findings is mandatory. The trial court does not have discretion to refuse to make those findings. *See McKittrick v. State,* 535 S.W.2d 873, 876 (Tex.Crim.App.1976). While the trial court did "enter an order stating its conclusion," it failed to state *specific* facts upon which its conclusion was based. The purpose of having the trial court prepare findings of fact is to enable the appellate court and the parties to review the basis for the trial court's ruling. *Quinn v. State,* 558 S.W.2d 10, 11 (Tex. Crim.App.1977); *Hester v. State,* 535 S.W.2d 354, 356 (Tex.Crim.App.1976). Without those findings, the defendant is hampered in his attempt to demonstrate error. We recognize that the fact findings need not be made with minute specificity as to every alleged and hypothetical possibility for physical or mental coercion, but need only be sufficient to provide the appellate court and the parties with a basis upon which to review the trial court's application of the law to the facts. *Wicker v. State,* 740 S.W.2d 779, 783 (Tex.Crim.App.1987), *cert. denied,* 485 U.S. 938, 108 S.Ct. 1117, 99 L.Ed.2d 278 (1988). However, the trial court must address the specific facts before it and not state simply that the defen-

2. That order reads:
 On the Court's motion, this appeal is ABATED and REMANDED to the trial court. The trial court is ORDERED to reduce to writing its findings of fact and conclusions of law on the disputed fact issues surrounding the voluntariness of appellant's statements. Such findings and conclusions shall be included in a supplemental transcript which shall be filed with this Court....

dant waived his right to counsel and voluntarily made the statement at issue. *See Hester*, 535 S.W.2d at 356.[3]

At trial, Nichols asserted that his statement was involuntary because:

(a) he did not understand the *Miranda* warnings;

(b) the police investigators who took his statement told him that, if he did not give them a statement, then he could face life imprisonment, death by lethal injection, or the gas chamber;

(c) the investigators told him that, if he did cooperate and give them a statement, then they would give him a "break";

(d) the statement did not contain certain exculpatory facts Nichols thought would be included in it;

(e) the investigator did not read the statement to Nichols before he signed it;

(f) the investigator told Nichols that the statement contained everything Nichols told him and that the investigator then told Nichols to sign the statement without telling him to read it; and

(g) Nichols did not read the statement before he signed it.

All of these issues were hotly contested by the State. The trial court's "findings," however, contain only the following statements:

(a) the statement was freely and voluntarily given;

(b) Nichols was duly warned of his *Miranda* rights before he gave the statement;

(c) he voluntarily waived his right to counsel;

(d) "The written findings of fact inclusion of the case and appreciate the State offering post finding of facts at the end of the case." [sic]; and

(e) the statement is admitted.

The findings that the statement was freely and voluntarily given and that it is admitted are not facts, but are the conclusions that are to be based on specific facts. To include them as findings does not help this Court or Nichols to determine the basis for the trial court's conclusions. The finding that Nichols was duly warned of his *Miranda* rights is a specific fact bearing on the issue of whether Nichols voluntarily made the statement; however, it does not address the disputed evidence that he did not understand the warnings. The finding that Nichols knowingly waived his right to counsel is too conclusional to assist Nichols and this Court because it does not address the disputed facts surrounding this issue. Finally, there is the mysterious sentence, "The written findings of fact inclusion of the case and appreciate the State offering post finding of facts at the end of the case." The only meaningful interpretation that we can make is that the trial court wanted the State to prepare the statutorily required findings of fact and present them at the end of the trial. The record does not reflect that the State's attorney ever complied with this request either "at the end of the case" or after the trial court made its written findings. In all, however, the findings fail to address Nichols' contentions at trial that the statement did not contain certain exculpatory information that he thought it would contain, that the investigators threatened him with the death penalty or life imprisonment if he did not make a statement, that he would be given a break if he did make a statement, and that he did not know the contents of the statement before he signed it. These were all specific fact issues the trial court needed to address in its findings. We hold that these findings by the trial court are too conclusional to fulfill their purpose of assisting this Court and Nichols in determining the basis for the trial court's decision that the statement was made voluntarily.

■ If this case were before us for the first time, we would abate this appeal and remand the case to the trial court to make these findings. *See Wicker*, 740 S.W.2d at

---

3. In *Hester*, the Court of Criminal Appeals found the following findings of fact insufficient:

ORDER

The court finds that the statement or confession of the defendant ... to have been voluntarily made contemporaneously with a knowledgeable waiver of [the] right to assistance of counsel and is held to be admissible as a matter of law and fact.
*Hester*, 535 S.W.2d at 356.

784; *Hester,* 535 S.W.2d at 356. As stated above, however, we have already abated this case once, and the trial court merely sent us the same conclusions contained in the statement of facts. The State does not explain its failure to comply with the trial court's request, albeit muddled, that the State provide it with proposed findings. Nichols was entitled to this information in order to prepare his appeal, and the repeated failure of the trial court and the State to provide him with those findings has infringed his right to a fair review of his case by this Court. Nichols' position is analogous to that of an appellant who, through no fault of his own or his counsel, is unable to obtain a statement of facts to prepare his appeal. In that sort of situation, the appellant is clearly entitled to a new trial. *Dunn v. State,* 733 S.W.2d 212, 214 (Tex.Crim.App.1987); *McLennan v. State,* 796 S.W.2d 324, 326 (Tex.App.—San Antonio 1990, pet. ref'd); TEX.R.APP.P. 50(e). Unlike the cases in which the Court of Criminal Appeals has advocated abatement, this case has already been abated once to allow the trial court to complete the clearly inadequate findings contained in the statement of facts. During that abatement, the trial court simply copied, verbatim, the inadequate findings in the statement of facts onto a separate document labeled "findings" and transmitted that document to us in a supplemental transcript. Nor do the Court of Criminal Appeals' cases concern a situation where the State had been asked twice to prepare proposed findings for the trial court and failed both times to prepare the findings for the trial court. We hold that these facts require that Nichols be given a new trial. The first point is sustained, the judgment is reversed, and the cause is remanded to the trial court for further proceedings consistent with this opinion.