IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-984-05






THE STATE OF TEXAS



v.



CHRISTOPHER CULLEN
, Appellee





ON STATE'S PETITION FOR DISCRETIONARY REVIEW


FROM THE FOURTH COURT OF APPEALS


BEXAR COUNTY





 Meyers, J., delivered the opinion for a unanimous Court.


O P I N I O N 



 Appellee, Christopher Cullen, was charged with driving while intoxicated. He
filed pretrial motions, including a motion to suppress written or oral statements, a motion
to suppress evidence, and a motion to suppress videotape and audiotape evidence. After a
hearing in which only the investigating officers testified, the court granted the defendant's
motions to suppress. The State requested findings of fact and conclusions of law, and the
court respectfully declined. The State appealed, and the court of appeals affirmed the
decision of the trial court. State v. Cullen, 167 S.W.3d 428 (Tex. App.-San Antonio
2005). We granted review to determine whether, upon granting a defendant's motion to
suppress evidence, a trial court must grant a timely request for findings of fact. We will
reverse the court of appeals.

COURT OF APPEALS

 On appeal, the State argued that it is denied its right to appeal a pre-trial order
granting a defendant's motion to suppress when the trial court refuses the State's request
for findings of fact and conclusions of law because, without such findings, appellate
courts are unable to review the decision for an abuse of discretion. The court of appeals
held that there is no requirement that the trial court make findings of fact and conclusions
of law when suppressing evidence. Id. at 431. The court recognized that appellate
review is limited when there are no findings or conclusions, but declined to impose a rule
requiring trial courts to file findings of fact and conclusions of law after granting a
defendant's motion to suppress evidence. Id. The court of appeals urged the State to take
its argument to the Legislature or to this Court if the State believes that justice demands a
rule requiring trial courts to file findings of fact and conclusions of law when suppressing
evidence. Id. 

ARGUMENTS OF THE PARTIES

 The State argues that its right to appeal under Texas Code of Criminal Procedure
Article 44.01(a)(5) is thwarted when an appellate court reviews a trial court's order
granting a motion to suppress evidence based on presumed facts rather than findings of
actual facts. In such cases, the result of an appeal is predetermined by the trial court's
refusal to enter findings of fact. Thus, according to the State, it is error for the trial court
to deny the State's timely request for findings of fact. 

 The State contends that requiring trial courts to enter findings of fact would not be
a new rule, rather it would be giving effect to the will of the Legislature pursuant to the
special right of appeal granted by Article 44.01, under which findings of fact are
necessary for meaningful appellate review. However, if a new rule is the only way to
ensure the right to appellate review, the State points out that this Court has the authority
to make rules relating to appellate procedure in criminal cases. Awaldelkariem v. State,
974 S.W.2d 721, 726 (Tex. Crim. App. 1998). 

 Appellee argues that there are no Texas cases and no statute requiring a trial court
to make findings of fact when granting a pretrial motion to suppress. If the Legislature
had intended that the State's right to appeal pre-trial suppression orders includes requiring
the trial court to enter findings of fact, then the text of Article 44.01 would explicitly state
this rule. 

 Appellee points out that in State v. Ross, 32 S.W.3d 853, 858 (Tex. Crim. App.
2000), this Court rejected the argument that the State's right to appeal under Article
44.01(a)(5) was limited by appellate courts' failure to conduct de novo review of
decisions to grant motions to suppress evidence. According to Appellee, this Court
should also reject the argument that the failure of the trial court to file findings of fact
denies the State the right to appeal. 

 In addition, Appellee argues that the workload of the trial courts will increase if
they are forced to enter findings of fact and conclusions of law each time the State
requests them. Finally, Appellee raises issues relating to the implementation of a rule
requiring a trial court to enter findings of fact and conclusions of law, including: what
findings are "essential"; whether the findings are required to be in writing; what
constitutes a timely request for findings; and what effect the time at which the findings
are filed has on the appellate timetable.

DISCUSSION

 In Carmouche v. State, 10 S.W.3d 323, 328 (Tex. Crim. App. 2000), we stated that
we assume that the trial court made implicit findings of fact that reinforce its decision to
grant a motion to suppress evidence if the implicit findings are verified by the record. 
That same year, in State v. Ross, 32 S.W.3d at 855, we reiterated that, even when the trial
court fails to file findings of fact, we view the evidence in the light most favorable to the
trial court's ruling and assume that the trial court made implicit findings of fact that
support its ruling as long as those findings are supported by the record. In his concurring
opinion, Judge Womack disagreed with this approach, stating that "there is no
justification for us to 'assume that the trial court made implicit findings of fact that
support its ruling.'" Id. at 859. Judge Womack suggested the need for a rule which
makes it an independent ground for reversal of the trial court's judgment to refuse, over
objection, a timely request for findings of fact. Such a rule would be "a step toward the
just resolution of these appeals -- a resolution that is based on the reality of what
happened rather than on assumptions that may be entirely fictitious." Id. at 860.

 The majority in Ross stated that a non-prevailing party should attempt to get the
rationale for the trial court's ruling on the record through either a verbal explanation at
the hearing or express findings of fact and conclusions of law. Id. at 858. In the case
before us, the State did try, but the trial court refused. The refusal of trial courts to enter
findings of fact when timely requested by the State leaves appellate courts with nothing to
review except a one-word ruling and forces the courts of appeals to make assumptions
about the trial court's ruling. The ruling could be based on a mistake of law, on the trial
court's disbelief of the testimony presented, or even on a clerical error. There is the
possibility that we are basing our entire appellate review on the wrong word being circled. 
We agree with Judge Womack's concurring opinion in Ross that courts of appeals should
not be forced to make assumptions (or outright guesses) about a trial court's ruling on a
motion to suppress evidence. De novo review of such a ruling does not resolve this issue
because the trial court is still in the best position to judge the credibility and demeanor of
the witnesses at a pretrial suppression hearing. Instead, the proper solution to this
problem is to require the trial courts to enter findings of fact and conclusions of law when
ruling on a motion to suppress evidence.

 Rule of Appellate Procedure 44.4 provides:

 (a) Generally. A court of appeals must not affirm or reverse a judgment or dismiss
an appeal if:

 (1) the trial court's erroneous action or failure or refusal to act prevents the
proper presentation of a case to the court of appeals; and

 (2) the trial court can correct its action or failure to act.

 (b) Court of appeals direction if error remediable. If the circumstances described
in (a) exist, the court of appeals must direct the trial court to correct the error. The
court of appeals will then proceed as if the erroneous action or failure to act had
not occurred. 

In this case, the trial court's refusal to act prevented the court of appeals from meaningful
review of the decision to grant the motion to suppress. Without findings of fact and
conclusions of law, the court of appeals was left in the undesirable position of having to
make assumptions about the reasons for the trial court's decision. Rule 44.4 authorizes
the court of appeals to remand the case to the trial court so that the court of appeals is not
forced to infer facts from an unexplained ruling. While Rule 44.4 remedies the problem
in this case, the efficient administration of justice will be served by a requirement that
trial judges respond to a request for findings of fact and conclusions of law. Effective
from the date of this opinion, the requirement is: upon the request of the losing party on a
motion to suppress evidence, the trial court shall state its essential findings. By "essential
findings," we mean that the trial court must make findings of fact and conclusions of law
adequate to provide an appellate court with a basis upon which to review the trial court's
application of the law to the facts. 

 We do not intend to create additional work for the trial courts; we are simply
asking the trial courts to inform us of the findings of fact upon which their conclusion is
based. The findings and conclusions need to be recorded in some way, whether written
out and filed by the trial court, or stated on the record at the hearing. We are not altering
the standard enunciated in Guzman, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997), because
we maintain "the longstanding rule that appellate courts should show almost total
deference to a trial court's findings of fact, especially when those findings are based on an
evaluation of credibility and demeanor . . . ." We are simply insisting that the findings be
expressed by the trial court when requested by the losing party. 

 Nor do we intend to make appellate review of the trial court's ruling on a motion
to suppress evidence contingent on the non-prevailing party's request. The non-prevailing party does not forfeit its right to appellate review of an adverse ruling by
failing to request findings of fact and conclusions of law. If the non-prevailing party fails
to make the request, and the trial court does not enter findings of fact and conclusions of
law of its own accord, the non-prevailing party can still appeal any adverse ruling. In that
event, our opinion in Ross will continue to control. 32 S.W.3d at 858.

 The requirement we announce today is similar to that used in Texas Code of
Criminal Procedure Article 38.22, which relates to when a statement made by an accused
may be used. Section 6 of Article 38.22 requires the trial court to "enter an order stating
its conclusion as to whether or not the statement was voluntarily made, along with the
specific finding of facts upon which the conclusion was based . . . ." In relation to Article
38.22, we stated that: 

 This Court is not the proper forum for the initial fact-finding process, but
should restrict its review of the facts to any issues raised in challenge to the
trial court's findings. Without adequate findings of fact this Court is much
handicapped in its review upon appeal of the trial court's ruling, because it
lacks an adequate record of the basis for that ruling. One purpose for
requiring the trial court to "enter an order stating its findings" is to make the
record reflect, for the parties and for possible appellate review, the basis for
the ruling. 

Hester v. State, 535 S.W.2d 354, 356 (Tex. Crim. App. 1976). The same applies to an
appellate court's review of a trial court's ruling on a motion to suppress evidence. 

 We look to Texas Rule of Civil Procedure 297 to provide guidance to the trial
courts about the time to file requested findings of fact and conclusions of law. The rule
states that "The court shall file its findings of fact and conclusions of law within twenty
days after a timely request is filed. The court shall cause a copy of its findings and
conclusions to be mailed to each party in the suit." Thus, while the appealing party must
file its notice of appeal in accordance with the applicable statutes and rules, the trial court
has 20 days from the date of its ruling in which to file findings of fact if it has not already
made oral findings on the record. As a result, the time to perfect an appeal under Rule of
Appellate Procedure 26.2 and Code of Criminal Procedure Article 44.01 is unaffected by
the requirement that the trial court enter findings and conclusions if requested. 

CONCLUSION

 Because an appellate court's review of a trial court's ruling is restricted by an
inadequate record of the basis for the trial court's ruling, we find it necessary to require a
trial court to express its findings of fact and conclusions of law when requested by the
losing party. The judgment of the court of appeals is vacated and the case is remanded to
the court of appeals to order the trial court to enter findings of fact and conclusions of law. 



 Meyers, J.


Delivered: June 28, 2006

Publish