NO. 07-11-00039-CR; 07-11-00040-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

DECEMBER 6, 2011

---

MARTHA HERNANDEZ, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

---

FROM THE 331ST DISTRICT COURT OF TRAVIS COUNTY;

NO. D-1-DC-09-500099, D-1-DC-09-900170; HONORABLE BOB PERKINS, JUDGE

---

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

## ORDER OF ABATEMENT AND REMAND

Pending before the Court is appellant Martha Hernandez's motion to abate and remand these appeals so the trial court may enter findings of fact and conclusions of law pursuant to article 38.22, § 6 of the Texas Code of Criminal Procedure.  We will grant the motion.

In each appeal, appellant filed a pre-trial motion to suppress "one or more videotaped oral statements allegedly made by Appellant to Travis County Sheriff's Detectives Gregory Lawson and Wayne Sampson . . . between March 7, 2009 and March 9, 2009" and a non-recorded oral statement she allegedly made to her sister-in-

law.  The motions further alleged any statements appellant made "were involuntary and were coerced and enticed from her by law enforcement officers."  The reporter's record contains the trial court's oral renditions denying appellant's motions to suppress but the clerk's records do not contain written findings of fact and conclusions of law concerning the voluntariness of appellant's statements.

In its response to appellant's request for abatement and remand, the State directs us to six pages in the lengthy reporter's record as ostensibly sufficing for the trial court's findings of fact and conclusions of law.  It argues appellant only claims the trial court did not prepare written findings and conclusions as required by article 38.22, § 6 and "does not challenge the sufficiency of the trial court's statements and rulings on the record to serve as the required findings and conclusions."  The State concludes, "[T]he trial court's rulings on the record, after extensive argument and discussion of the issues raised by appellant, are sufficient to satisfy Art. 38.22, § 6, and provide an appellate court with an adequate basis upon which to review the trial court's application of the law to the facts."

Article 38.22, § 6 of the Code of Criminal Procedure provides in pertinent part:

> If the statement has been found to have been voluntarily made and held admissible as a matter of law and fact by the court in a hearing in the absence of the jury, the court must enter an order stating its conclusion as to whether or not the statement was voluntarily made, along with the specific finding of facts upon which the conclusion was based, which order shall be filed among the papers of the cause.

Tex. Code Crim. Proc. art. 38.22, § 6 (West 2005).  A trial court may satisfy the requirements of article 38.22, § 6 by dictating its findings and conclusions into a

2

reporter's record that is transcribed and included in the appellate record. *Mbugua v. State,* 312 S.W.3d 657, 668 (Tex.App.--Houston [1st Dist.] 2009, pet. refused) (citing *Murphy v. State,* 112 S.W.3d 592, 601-02 (Tex.Crim.App. 2003)). Whether set forth in a separate writing filed in the clerk's record or dictated into the reporter's record, it is not necessary that the findings of fact be made "with minute specificity as to every alleged and hypothetical possibility for physical or mental coercion. But the trial court must make findings of fact and conclusions of law adequate to provide an appellate court with a basis upon which to review the trial court's application of the law to the facts." *Wicker v. State,* 740 S.W.2d 779, 783 (Tex.Crim.App. 1987) (citations and internal quotation marks omitted); *Hester v. State,* 535 S.W.2d 354, 356 (Tex.Crim.App. 1976) ("Without adequate findings of fact [an appellate court] is much handicapped in its review upon appeal of the trial court's ruling, because it lacks an adequate record of the basis for that ruling. One purpose for requiring the trial court to enter an order stating its findings . . . is to make the record reflect, for the parties and for possible appellate review, the basis for the ruling" (internal quotation marks omitted)).

Here, the portions of the reporter's record the State cites contain rulings and conclusions by the trial court. We are not directed to specific findings of fact on which the trial court based a conclusion that appellant's statements were voluntarily made. To the extent the State contends appellant's failure to "challenge the sufficiency of the trial court's statements and rulings" somehow drives our decision, we disagree. *See Urias v. State,* 155 S.W.3d 141, 142 (Tex.Crim.App. 2005) (noting findings and conclusions must be filed whether or not defendant objects to their absence). We also disagree with the State's conclusion that the trial court's rulings following extensive argument and

3

discussion on the record of appellant's suppression issues suffice for the required findings of fact and conclusions of law under article 38.22, § 6. *See Wicker,* 740 S.W.2d at 783 (reiterating prior holdings that language of article 38.22, § 6 is mandatory).

When a trial court fails to make findings of fact and conclusions of law in compliance with article 38.22, § 6 we must abate the appeal and remand the cause to permit compliance with the statute. *See* Tex. Code Crim. Proc. Ann. art. 38.22, § 6 (West 2005); *Urias,* 155 S.W.3d at 142 (remanding to court of appeals with instructions to require compliance); *Wicker,* 740 S.W.2d at 784 (noting abatement is proper procedure).

Accordingly, these appeals are abated and the cases are remanded to the trial court. The trial court is directed to take the steps necessary to comply with article 38.22, § 6, of the Code of Criminal Procedure, including the creation of pertinent findings of fact and conclusions of law adequate to provide the Court with a basis on which to review the trial court's application of the law to the facts. The trial judge may review the reporter's record to refresh his recollection of the reasons for his rulings on the issue of voluntariness. *Wicker,* 740 S.W.2d at 784. The trial court shall cause the preparation of a supplemental clerk's record containing its findings and conclusions, together with any orders the court signs during remand, and shall cause the supplemental clerk's record, together with a supplemental reporter's record of any hearing held, to be filed with this Court by January 9, 2012. The trial court may seek extension of that deadline from the Court if necessary.

4

It is so ordered.

Per Curiam

Do not publish.