In The

## *Court of Appeals*

## *Ninth District of Texas at Beaumont*

_____

## NO. 09-11-00073-CR
_____

## EDSON HEDIVALDO OLVERA-GARZA SR., Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 435th District Court**
**Montgomery County, Texas**
**Trial Cause No. 10-08-09235-CR**

## ORDER

The appellant, Edson Hedivaldo Olvera-Garza Sr., has challenged the trial court's ruling denying his motion seeking to suppress the oral and written statements he gave to the police. One of Olvera's issues argues that the trial court erred by failing to make written findings regarding its ruling on his motion to suppress.

The Code of Criminal Procedure anticipates that a trial court will make written findings in response to a defendant's motion challenging the voluntariness of a statement. *See* Tex. Code Crim. Proc. Ann. art. 38.22, § 6 (West 2005). Upon finding that a

1

defendant's statement was made voluntarily, "the court must enter an order stating its conclusion as to whether or not the statement was voluntarily made, along with the specific finding of facts upon which the conclusion was based, which order shall be filed among the papers of the cause." *Id.*

At the conclusion of the suppression hearing in Olvera's case, the trial court stated the following findings and conclusions on the record:

- "the defendant was not in custody at the time that he gave his statement to the police[;]"

- "a person is brought into contact with the police, acting only upon a request or urging the police[;]"

- "there is no threat expressed or implied that a statement was gonna be taken forcibly[,] when the statement's taken[,] that the statement is valid[;]"

- "the statement was voluntary when it was given based upon the evidence of Detective Haas and of the defendant[;]" [and]

- "[s]o the statement [is] gonna be allowed into evidence."

These findings address one of the arguments Olvera has made, that he was in custody before being provided with his *Miranda*[1] warnings; however, the findings are not sufficient to allow an adequate review of each of the issues Olvera has raised in his appeal. *See State v. Cullen*, 195 S.W.3d 696, 698-99 (Tex. Crim. App. 2006); *Hester v. State*, 535 S.W.2d 354, 356 (Tex. Crim. App. 1976). The findings that should be made

---

[1] *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

explicit in written findings include those that relate to the factors discussed by the Court of Criminal Appeals in *Dowthitt v. State*, including:

- whether and when Olvera was physically deprived of his freedom of action in any significant way, and what objective circumstances the trial court considered in determining whether Olvera's freedom of movement was restricted to the degree associated with an arrest;

- whether and when a law enforcement officer told Olvera he could leave, or told him that he could not leave;

- whether and when law enforcement officers created a situation that would have made a reasonable person believe his freedom of movement was significantly restricted, identifying the objective circumstances the trial court considered in making that determination; and

- the point at which the law enforcement officers developed probable cause for Olvera's arrest, when that knowledge was communicated to Olvera or Olvera communicated evidence of probable cause to the officers, and whether Olvera was told he was free to leave after that point.

931 S.W.2d 244, 255 (Tex. Crim. App. 1996); *see also State v. Ortiz*, No. PD-1181-11, 2012 WL 5348503, at \*3 (Tex. Crim. App. Oct. 31, 2012).

The trial court's findings are also insufficient to allow adequate review of Olvera's claim that the officers deliberately delayed providing him with a *Miranda* warning. *See Missouri v. Seibert,* 542 U.S. 600, 608-12, 124 S.Ct. 2601, 159 L.Ed.2d 643 (2004) (plurality opinion); *Carter v. State*, 309 S.W.3d 31, 37-42 (Tex. Crim. App. 2010). The trial court's written findings should make explicit its findings regarding:

- whether Detective Haas deliberately employed a "question first, warn later" approach, identifying the objective circumstances the trial court considered in making that determination;

3

- whether Detective Echols deliberately employed a "question first, warn later" approach, identifying the objective circumstances the trial court considered in making that determination; and

- whether law enforcement officers employed any curative measures to protect Olvera's Fifth Amendment rights before taking Olvera's written statement, identifying the objective circumstances the trial court considered in making that determination.

It is, therefore, ORDERED that the case is remanded to the trial court to allow the trial court to make the written findings of fact and conclusions of law necessary to resolve Olvera's appellate issues. In addition to the trial court's findings on the issues that we have identified, the trial court may make such other findings as it finds are proper.

We abate the appeal while the case is before the trial court. The trial court's findings and conclusions must be reduced to writing and filed in a supplemental clerk's record within thirty days. The appeal will be reinstated without further order of the Court when the supplemental clerk's record is filed.

The appellant may file a supplemental brief addressing the trial court's findings. The appellant's supplemental brief is due thirty days after the supplemental record is filed. If the appellant files a supplemental brief, the State may file a supplemental brief in response, due thirty days after the appellant files his supplemental brief.

ORDER ENTERED December 13, 2012.

PER CURIAM

Before Gaultney, Kreger, and Horton, JJ.

4