

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-14-00336-CR

ALCADIO CERVANTEZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 364th District Court
Lubbock County, Texas
Trial Court No. 2007-418,585, Honorable Bradley S. Underwood, Presiding

July 20, 2015

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Appellant, Alcadio Cervantez, appeals his conviction for indecency with a child[1] and resulting prison sentence of seventeen years' confinement. On appeal appellant argues the trial court erred by failing to grant his motion seeking suppression of a written statement procured by improper inducement or fraud and the case must be abated and remanded for additional findings and conclusions on his post-suppression-

---

[1] *See* TEX. PENAL CODE ANN. § 21.11(a)(1) (West 2011).

hearing improper inducement complaint. Finding no error, we will overrule appellant's two issues and affirm the judgment of the trial court.

Background

Appellant gave two non-custodial written statements to a police detective, the first on October 1, 2007, and the second on October 3, 2007. Neither was electronically recorded. In his October 1 statement, appellant denied touching J.F. or any other child in a sexual manner, and specifically denied touching her breasts or sexual organ.

Appellant voluntarily took a polygraph examination administered by police on October 3, 2007. When the operator told appellant the results were not supportive of his first statement, appellant gave his October 3 statement. As with his October 1 statement, the October 3 statement included an acknowledgement he received the statutory warnings.[2]

In his October 3 statement, appellant denied putting his hand down J.F.'s pants but admitted touching and squeezing her breast. According to the statement, appellant is a high school graduate and able to read and write the English language. Appellant signed the statement beneath the averment that he had read the document and it was true and correct. Appellant was not in custody when he gave the October 3 statement and freely left the police station afterward.

---

[2] The statutory warnings include those required by *Miranda v. Arizona,* 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966), and are the right to remain silent, any statements can be used against the accused, the right to an attorney prior and during questioning, the right to have an attorney appointed, and the right to terminate an interview. *See* TEX. CODE CRIM. PROC. ANN. art. 38.22 § (2) (West Supp. 2014).

2

A December 2007 indictment charged appellant with two counts of indecency with a child and two counts of aggravated sexual assault of a child.

On appellant's motion, a suppression hearing was held in September 2008. At the hearing, appellant's October 1 statement was marked State's exhibit two and his October 3 statement, State's exhibit three. When the State offered the October 3 statement, counsel for appellant objected on the ground that the statement was the product of fraud in the factum, "real fraud," was obtained by "guile," and violated the federal and state constitutions.

According to appellant's suppression hearing testimony, after the polygraph examination the administering officer told him he "just failed dramatically or something like that." Appellant also testified the detective told him, "if I worked with [the detective], he would just talk with the D.A. and get me probation. So, he gave me a choice, either confess and get probation or don't confess and go to jail." He further said the detective told him he would likely receive a sentence of "five to 20." Appellant denied he told the detective he touched the child's breast. Appellant did not deny signing the October 3 statement but when asked if he had read the document he replied, "Not really" and later "No, I didn't."

Following appellant's testimony, the State recalled the detective. When asked by the prosecutor if he told appellant "that if he would confess to this offense that [the detective] would talk to the D.A. and make sure that [appellant] got probation," the detective replied, "No, sir." He denied fabricating the substance of appellant's October 3 statement and explained, "What I do is I paraphrase. I write the statement based on

what he told. Some of it may be paraphrasing, which he has the opportunity to read the statement." The detective added that he told appellant, "If there needs to be anything added, taken out, deleted, changed in any way, just tell me, we'll make the changes." But appellant did not want to make any changes. According to the detective, appellant read and signed the statement.

At the conclusion of the hearing, the trial court dictated the following into the record:

> Let me make some findings with respect to [the two statements]. The Court finds that the Defendant voluntarily went to the police department on both October 1st and October 3rd, 2007. The Court finds that the Defendant was warned of his Miranda rights at each—on each of those occasions. The Court finds that the Defendant was not promised anything. The Defendant was not threatened in any manner. The Court was—the Defendant was offered the opportunity to read each of the statements after giving each of the statements. The Court finds that the Defendant freely, knowingly and voluntarily gave the statements contained in State's Exhibits 2 and 3.
>
> The Court does not believe the Defendant's evidence of being made promises. The Court finds that that testimony is not credible. The Court believes or finds that the Defendant freely, knowingly and voluntarily gave both statements, State's Exhibits 2 and State's Exhibit 3. The Court further finds that the Defendant was allowed to leave on his own volition after giving State's Exhibits 2 and 3.

The case was tried in August 2014. The State proceeded on one count of aggravated sexual assault of a child and one count of indecency with a child. Before voir dire, during a hearing, appellant briefly argued the October 3 statement should be suppressed because it was procured by improper inducement. The court overruled the objection but did not state related findings and conclusions in writing or on the record.

4

During the guilt-innocence phase, the parties consensually re-litigated the voluntariness of appellant's October 3 statement.[3] The October 1 statement was admitted without objection through the detective. When the State offered the October 3 statement the trial court conducted a hearing outside the presence of the jury. Counsel for appellant objected to the statement's admission citing "all previous objections already made in this cause." The court overruled the objections and granted appellant a running objection. The detective denied at any time in his career "promis[ing] to give somebody a specific deal or a specific plea bargain if they gave you a specific statement." He agreed that doing so could jeopardize his career.

Appellant also testified at trial. When asked on direct examination about an offer of probation for a statement, appellant responded:

> A. He put that he [the detective] was going to talk to the D.A., recommend me get probation because I did not have a criminal history.
>
> Q. That's what he said?
>
> A. That's exactly what he said.
>
> Q. Along with the five to 20?
>
> A. Yes.

---

[3] Generally, in determining whether the State established voluntariness of a statement, appellate review is limited to the suppression hearing record. *O'Hara v. State,* 27 S.W.3d 548, 551 (Tex. Crim. App. 2000). However, an appellate court may also consider evidence adduced at trial in instances where, as here, "the suppression issue has been consensually re-litigated by the parties during trial on the merits." *Turrubiate v. State,* 399 S.W.3d 147, 150-151 (Tex. Crim. App. 2013) (citing *Rachal v. State,* 917 S.W.2d 799, 809 (Tex. Crim. App. 1996)).

Appellant further testified that he "thought [the detective] was going to actually talk to someone and see what they—what he could do . . . ." Appellant again acknowledged he signed the statement and again asserted he did not read it. On cross-examination the prosecutor asked appellant, "So [the detective] didn't actually promise you any type of probation? Appellant replied, "No. He says he's going to put in a good word. He said he was trying to get me probation."

The jury charge included an instruction requiring the jury to find beyond reasonable doubt that appellant voluntarily gave the written statements before considering them as evidence. The jury acquitted appellant of aggravated sexual assault of a child but convicted him of indecency with a child. Punishment was assessed by the jury as noted.

Analysis

By his first issue, appellant argues the trial court abused its discretion by overruling his motion to suppress the October 3 statement because it was procured by improper inducement or fraud.

We apply the abuse of discretion standard when reviewing a trial court's ruling on a motion to suppress evidence. *Villarreal v. State,* 935 S.W.2d 134, 138 (Tex. Crim. App. 1996). Under this standard, we defer to the trial court's determination of historical facts and credibility. *Carmouche v. State,* 10 S.W.3d 323, 327 (Tex. Crim. App. 2000). At a suppression hearing, the trial court is the sole fact-finder and may choose to believe or disbelieve any or all of the witnesses' testimony. *Alvarado v. State,* 853 S.W.2d 17, 23 (Tex. Crim. App. 1993). We also afford deference to a trial court's

6

"application of law to fact questions," if the resolution of those questions turns on an evaluation of credibility and demeanor. *Guzman v. State,* 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). The prevailing party at the suppression hearing is entitled to "the strongest legitimate view of the evidence and all reasonable inferences that may be drawn from that evidence." *State v. Johnston,* 336 S.W.3d 649, 657 (Tex. Crim. App. 2011) (quoting *State v. Garcia-Cantu,* 253 S.W.3d 236, 241 (Tex. Crim. App. 2008)). We review de novo mixed questions of law and fact that do not depend on an evaluation of credibility and demeanor. *Johnston,* 336 S.W.3d at 657. Purely legal questions are also reviewed de novo. *Id.*

At the hearing on a motion to suppress a statement on the ground of involuntariness, it is the State's burden to prove by a preponderance of the evidence that the defendant's statement was given voluntarily. *Tello v. State,* No. 14-06-00525-CR, 2007 Tex. App. LEXIS 6658, at *5 (Tex. App.—Houston [14th Dist.] Aug. 21, 2007, pet. refused) (mem. op., not designated for publication) (citing *Alvarado v. State,* 912 S.W.2d 199, 211 (Tex. Crim. App. 1995)); *accord Gentry v. State,* 770 S.W.2d 780, 789 (Tex. Crim. App. 1988) ("The burden of proving that a confession was rendered voluntarily is on the state"). That the question of the voluntariness of his October 3 statement was raised at trial and was submitted to the jury does not preclude appellant's challenge to the trial court's ruling on its admissibility. *Pierce v. State*, 32 S.W.3d 247, 253 (Tex. Crim. App. 2000).

In Texas a defendant may contend a statement offered against him was not freely and voluntarily made and must be excluded from evidence under several different theories, statutory and constitutional. *Oursbourn v. State*, 259 S.W.3d 159, 169 (Tex.

Crim. App. 2008) (outlining theories and discussing application of each). Some, but not all, theories depend on a showing of overreaching by police. *Id.* at 169-72.

On appeal, appellant contends the evidence shows the detective overreached by threatening him with a long prison sentence and by promising him probation if he confessed, and that he signed the October 3 statement only because of those actions by the detective. For purposes of this opinion, we will assume, without deciding, that appellant's testimony, if believed, would establish his October 3 statement was involuntarily given, under one or more of the theories recognized under Texas law. *See, e.g., Oursbourn*, 259 S.W.3d at 170-73.

The trial court, however, was not required to accept appellant's version of his interactions with the detective, and the findings the court dictated into the record make clear it did not find appellant's version credible. *See State v. Ballard,* 987 S.W.2d 889, 891 (Tex. Crim. App. 1999) (at suppression hearing trial court exclusive judge of weight and credibility of witnesses' testimony). Appellant contends the detective's testimony was "fatally self-contradictory" and wholly unworthy of belief when compared with his more specific recollections. He points to the occasions on which the detective acknowledged he had no independent recollection of his October 3 session with appellant, and asks how the detective could deny appellant's allegations without such recollection. The trial court reasonably saw in the detective's testimony a clear denial that he threatened appellant or made promises to induce his October 3 statement. We conclude without difficulty that resolution of the contradictions appellant sees in the

detective's testimony was a matter exclusively within the province of the fact finder.[4]

*See Martinez v. State,* No. 11-13-00236-CR, 2015 Tex. App. LEXIS 6473, at \*7 (Tex. App.—Eastland June 25, 2015, n.p.h.) (mem. op., not designated for publication) (citing *Sharp v. State,* 707 S.W.2d 611, 614 (Tex. Crim. App. 1986) (noting as sole judge of weight and credibility, "trier of fact may believe all, some, or none of a witness's testimony").

Appellant's first issue is meritless and is overruled.

In his second issue, appellant argues that because the trial court did not produce written findings of fact and conclusions of law, after overruling his improper inducement objection, the appeal must be abated and the case remanded for additional findings. As noted, appellant voiced this new suppression ground on the day of trial prior to voir dire. It was overruled without additional findings or conclusions.

Article 38.22, § 6 of the Code of Criminal Procedure provides in pertinent part:

> If the statement has been found to have been voluntarily made and held admissible as a matter of law and fact by the court in a hearing in the absence of the jury, the court must enter an order stating its conclusion as to whether or not the statement was voluntarily made, along with the specific finding of facts upon which the conclusion was based, which order shall be filed among the papers of the cause.

TEX. CODE CRIM. PROC. ANN. art. 38.22, § 6 (West Supp. 2014). A trial court may satisfy the requirements of article 38.22, section 6 by dictating its findings and conclusions into

---

[4] We note also appellant's testimony was not free from inconsistency. Appellant was emphatic at the suppression hearing that the detective said he would obtain probation for appellant from the district attorney in exchange for a confession but jail awaited should he not confess. In his trial testimony, however, appellant denied that the detective promised him "any type of probation." Rather, he then said, the detective told him he would "put in a good word. He said he was trying to get me probation." Here again, under settled law, resolution of such inconsistencies is the task of the fact finder.

9

a reporter's record that is transcribed and included in the appellate record. *Mbugua v. State,* 312 S.W.3d 657, 668 (Tex. App.—Houston [1st Dist.] 2009, pet. refused) (citing *Murphy v. State,* 112 S.W.3d 592, 601-02 (Tex. Crim. App. 2003)). Whether set forth in a separate writing filed in the clerk's record or dictated into the reporter's record, it is not necessary that the findings of fact be made "with minute specificity as to every alleged and hypothetical possibility for physical or mental coercion. But the trial court must make findings of fact and conclusions of law adequate to provide an appellate court with a basis upon which to review the trial court's application of the law to the facts." *Wicker v. State,* 740 S.W.2d 779, 783 (Tex. Crim. App. 1987) (citations and internal quotation marks omitted); *Hester v. State,* 535 S.W.2d 354, 356 (Tex. Crim. App. 1976) ("Without adequate findings of fact [an appellate court] is much handicapped in its review upon appeal of the trial court's ruling, because it lacks an adequate record of the basis for that ruling. One purpose for requiring the trial court to enter an order stating its findings . . . is to make the record reflect, for the parties and for possible appellate review, the basis for the ruling" (internal quotation marks omitted)).

In his motion to suppress, appellant alleged his October 3 statement was involuntary because it was obtained by "fraud in the factum" or "real fraud." These suppression grounds were reiterated at the hearing. The improper inducement appellant subsequently alleged was the threat of a lengthy prison sentence and the promise of probation for a confession. He proffered no additional evidence to support the new ground. Thus on the evidence appellant depended for his improper inducement complaint the court had already found appellant "was not promised anything," "was not threatened," and "freely, knowingly and voluntarily gave" the

10

October 1 and October 3 statements.  Further, the court stated it did not believe appellant's evidence of promises and found his testimony concerning promises was not credible.  We find the court's findings and conclusions sufficiently subsumed appellant's later improper inducement suppression ground.  Appellant's second issue is overruled.

## Conclusion

Having overruled appellant's two issues, we affirm the judgment of the trial court.


James T. Campbell
Justice


Do not publish.

11