ACCEPTED
12-16-00195-CR
TWELFTH COURT OF APPEALS
TYLER, TEXAS
9/30/2016 3:23:34 PM
Pam Estes
CLERK

### IN THE COURT OFAPPEALS 12th JUDICIAL DISTRICT

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | FILED IN<br>12th COURT OF APPEALS<br>TYLER, TEXAS |
| | § | |
| VS. | § | No. 12-16-00195-CR 3:34 PM |
| | § | PAM ESTES<br>Clerk |
| NATHAN ALLEN KING | § | |

### Motion to Abate for Finding of Facts and Conclusions of Law

When a trial court fails to make findings of fact and conclusions of law in compliance with Article 38.22, § 6 of the Code of Criminal Procedure, the Court of Criminal Appeals has held that it is proper for the appellate court to abate the appeal and remand the cause to permit compliance with the statute. *See* Tex. Code Crim. Proc. Ann. art. 38.22, § 6; *Urias v. State*, 155 S.W.3d 141, 142 (Tex.Crim.App. 2005)(remanding to court of appeals with instructions to require compliance); *Wicker v. State*, 740 S.W.2d 779, 784 (Tex.Crim.App. 1987)(noting abatement is proper procedure).

In the present case, there were no such findings of fact and conclusions of law created and "without adequate findings of fact [an appellate court] is much handicapped in its review upon appeal of the trial court's ruling, because it lacks an adequate record of the basis for

that ruling. One purpose for requiring the trial court to enter an order stating its findings . . . is to make the record reflect, for the parties and for possible appellate review, the basis for the ruling" (internal quotation marks omitted)) *Hester v. State*, 535 S.W.2d 354, 356 (Tex.Crim.App. 1976)

## PRAYER FOR RELIEF

WHEREFORE, The State respectfully prays this Honorable Court remanded  this case to the lower court and order the trial court. The trial court is directed to take the steps necessary to comply with article 38.22, § 6, of the Code of Criminal Procedure, including the creation of pertinent findings of fact and conclusions of law adequate to provide the Court with a basis on which to review the trial court's application of the law to the facts. The trial judge may review the reporter's record to refresh his recollection of the reasons for his rulings on the issue of voluntariness. *Wicker*, 740 S.W.2d at 784. The trial court shall cause the preparation of a supplemental clerk's record containing its findings and conclusions, together with any orders the court signs during remand, and shall cause the supplemental clerk's record, together with

a supplemental reporter's record of any hearing held, to be filed with this Court.

Respectfully submitted,

*/s/* Jonathon Manning
Jonathon Manning
State Bar Number 24086255
Assistant Criminal District Attorney
Van Zandt County
400 S. Buffalo, Canton TX 75103

CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document was delivered upon the Attorney for Appellant, Nolan White, on September 30, 2016. Service was completed through the electronic filing manager, to nwatty@etcable.net.

*/s/* Jonathon Manning
Jonathon Manning