IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-0003-06






GUADALUPE VASQUEZ, Appellant



v.



THE STATE OF TEXAS





ON STATE'S PETITION FOR DISCRETIONARY REVIEW


FROM THE THIRD COURT OF APPEALS


TRAVIS COUNTY





 Meyers, J., delivered the opinion of the Court, in which Keller, P.J., and
Price, Womack, Johnson, Keasler, Hervey, and Cochran, JJ., joined. Holcomb, J.,
concurred in the result. 



O P I N I O N 


 

 Appellant, Guadalupe Vasquez, signed a written confession after seven hours of
interrogation at the police station. He filed a pretrial motion to suppress the videotape of
the interrogation and the written statements. The trial court held a hearing on the issue. 
After hearing the testimony of one of the interrogating officers, the trial court recessed
the hearing to watch the seven-hour videotape of the interrogation. The trial court
reconvened the hearing several days later, denied the motion to suppress, and dictated
findings of law and fact into the record. Appellant was tried by a jury. At the close of
the guilt phase of trial, Appellant requested a jury instruction on voluntariness, and the
State objected to its inclusion. The court refused Appellant's request to submit the issue
of voluntariness to the jury. The jury found Appellant guilty of murder and sentenced
him to 50 years' imprisonment. The court of appeals reversed the conviction and
remanded the case for a new trial, holding that the trial court had erred by refusing to
submit Appellant's issue of voluntariness to the jury. We affirm the decision of the court
of appeals.


Facts

 Gary Jackson, Appellant's landlord, was found dead in his apartment. He had
been shot twice in the chest and once in the head. Appellant and his wife were among the
suspects in the investigation and were asked to go to the police station to be interviewed
about the incident. The couple agreed and drove themselves to the station the following
day. 

 Appellant and his wife were questioned separately. Appellant was interviewed by
Detectives Santos, Scanlon, and Sanchez. Detective Scanlon testified that prior to the
interview they did not have probable cause to arrest Appellant, and that during the
interview he was not in custody, was not handcuffed, and was free to leave. Appellant
was interviewed for seven hours, during which time his requests to leave and to talk to his
wife were ignored or deflected. Appellant eventually confessed. The entire interview
was videotaped. 

 Appellant filed a pretrial motion to suppress the videotape of the interview and his
signed confession. After a hearing on the motion, the trial court denied Appellant's
motion, and the videotape and written statement were admitted at trial. At the end of the
guilt phase, Appellant requested that "the jury be instructed that if they have a reasonable
doubt as to whether or not the confession was voluntarily made, that it would not be
considered in their deliberations." Appellant also requested that, in the event of a
conviction, the instruction request be reduced to writing and endorsed by the court. The
State objected to the instruction, arguing that Appellant would only be entitled to an
instruction on voluntariness if there was a factual dispute regarding the events. Appellant
countered that the caselaw that requires a factual dispute is not applicable because it does
not deal with the voluntariness of a confession. Appellant then argued that the instruction
should be given because the issue of voluntariness was raised by the evidence. Appellant
cited several parts of the interrogation as evidence raising the issue of voluntariness: the
length of the interrogation, that the detectives lied to him during the interrogation about
having incriminating evidence from the crime scene, that the detectives suggested that
giving a statement would help him, and that the detectives suggested that if he didn't
make a statement they were going to implicate his wife in the offense. The court denied
the requested instruction. Appellant objected, and the court overruled the objection.

 Appellant appealed his conviction to the court of appeals in four points of error. 
The court of appeals overruled the first three points of error, but sustained his fourth
point, which argued that the trial court erred by failing to submit the issue of
voluntariness to the jury. 

 The State filed a petition for discretionary review which we granted. The State
presents two grounds for review which claim, in essence: 1) The court of appeals erred in
reversing the trial court's decision on a theory of law never briefed by the respondent or
communicated to the trial court; 2) The court of appeals incorrectly stated the test for
determining when an instruction on voluntariness is required under article 38.22 of the
Texas Code of Criminal Procedure, and the trial court did not err in refusing to instruct
the jury on voluntariness because the defendant offered no new evidence at trial
impacting voluntariness and the State's evidence was not disputed. 


Analysis

I. 

 In its first ground for review, the State argues that the court of appeals erred in
reversing the trial court's decision on a theory of law never briefed by the respondent or
communicated to the trial court. We disagree that Appellant did not communicate to the
trial court the theory of law on which the court of appeals based its reversal.

 The State argues that, because Appellant never specifically cited article 38.22,
section 6 of the Texas Code of Criminal Procedure (1) as the basis for his requested
instruction, the court of appeals erred by basing its analysis on the requirements of that
article. At trial, Appellant requested that "the jury be instructed that if they have a
reasonable doubt as to whether or not the confession was voluntarily made, that it would
not be considered in their deliberations." Although Appellant did not cite a specific
statute as the basis for this request, the language of the instruction is a paraphrase of the
instruction provided for in article 38.22, section 6. 

 The State correctly asserts that the court of appeals may not overturn a trial court's
decision on a legal theory not presented to the trial court. See Hailey v. State, 87 S.W.3d
118, 122 (Tex. Crim. App. 2002). But in this case, the court of appeals did not base its
decision on a legal theory not presented to the trial court. Although the court of appeals
relied on a statute not explicitly cited by Appellant, the substance of the statute relied on
by the court of appeals and the substance of Appellant's requested instruction and
objection are the same. Appellant asserts in his brief, and we agree, that article 38.22 is
neither a new nor novel theory not previously argued before the trial court.

 It is a closer question whether Appellant raised the issue of voluntariness under
article 38.22 on direct appeal. In his brief to the court of appeals, Appellant's fourth
point of error stated that "the trial court erred in failing to instruct the jury on the
voluntariness of the statement made by Guadalupe Vasquez." Appellant explicitly made
arguments for the instruction under article 38.23. He also made several arguments
relying on caselaw that cited no statute. However, "appellate courts are free to review
'unassigned error' - a claim that was preserved in the trial below but was not raised on
appeal." Pena v. State, 191 S.W.3d 133, 136 (Tex. Crim. App. 2006). (2) The error was
preserved in the trial court because Appellant's attorney properly objected on the record
to the exclusion of the voluntariness instruction from the charge and dictated the
objection to the court reporter in the presence of the prosecutor and the court. See Tex.
Code Crim. Proc. art. 36.14. Thus, even assuming arguendo that Appellant did not raise
the issue of voluntariness under article 38.22 on direct appeal, the issue was preserved,
and the court of appeals did not err by citing article 38.22 as the basis for its opinion.


II.

 The State's second issue argues that the court of appeals incorrectly stated the test
for determining when an instruction on voluntariness is required under article 38.22. The
court of appeals held that, under article 38.22, "a defendant may be entitled to an
instruction on voluntariness even if the facts surrounding his confession are undisputed. 
An instruction must be given if a reasonable jury, viewing the totality of the
circumstances, could have found that the statement was not voluntarily made." Vasquez
v. State, 179 S.W.3d 646, 662 (Tex. App.-Austin 2005). We hold that the court of
appeals correctly stated the test. 

 The State argues that the trial court did not err in refusing Appellant's requested
instruction because no new evidence raising voluntariness was introduced at trial and
because there was no factual dispute regarding the evidence. However, neither is
required under article 38.22. Confusion about the requirements for getting an instruction
on voluntariness has arisen, in part, from caselaw that does not always distinguish, and
sometimes blurs, the requirements for getting an instruction under article 38.22 and for
getting an instruction under the exclusionary rule of article 38.23. 

 The rules regarding admission of an accused's statements into a criminal
proceeding are set out in article 38.22. Section six of that article explains the procedure
for determining whether an accused's statement was voluntary. It requires that, in all
cases in which a question is raised as to the voluntariness of a statement of an accused,
the trial court must make an independent finding in the absence of the jury and enter an
order stating its conclusion. If the trial court determines that the statement was voluntary,
the issue may be submitted to the jury: 

 Upon the finding by the judge as a matter of law and fact that the statement
was voluntarily made, evidence pertaining to such matter may be submitted
to the jury and it shall be instructed that unless the jury believes beyond a
reasonable doubt that the statement was voluntarily made, the jury shall not
consider such statement for any purpose nor any evidence obtained as a
result thereof.


Tex. Code Crim. Proc. art. 38.22, § 6. The court of appeals held, and we agree, that the
issue of voluntariness should be submitted to the jury under article 38.22, section 6 if,
based on the evidence presented at trial, a reasonable jury could conclude that the
statement was not voluntary. 

 Juries may also be given an instruction to disregard statements of the accused
under article 38.23(a)'s exclusionary rule, which prohibits admission of any type of
evidence that was obtained in violation of the Constitution or laws of the State of Texas
or of the Constitution or laws of the United States. (3) A jury instruction is allowed under
article 38.23(a) "only if there is a factual dispute as to how the evidence was obtained." 
Thomas v. State, 723 S.W.2d 696, 707 (Tex. Crim. App. 1986); see also, Bell v. State,
938 S.W.2d 35, 48 (Tex. Crim. App. 1996). If there is no factual issue of how evidence
was obtained, there is only an issue of law, which is not for a jury to decide under article
38.23(a). 

 But, the jury's role under article 38.22 is different from its role under article 38.23. 
 Under article 38.22, section 6, even when there is no dispute about the historical facts of
the accused's statement, there can still be an issue of the voluntariness of the statement --
which may be an issue for the jury.

 [T]he voluntariness issue is quite different from issues in the
exclusionary rule context. Consequently, the application of the legal
standard for voluntariness to agreed facts should be a jury issue, if those
facts are ones from which a reasonable jury could conclude that the
statement at issue was involuntary. Voluntariness is not a strictly factual
question, but it similarly is not a mechanical application of historical facts
to a purely objective legal standard.


George E. Dix & Robert O. Dawson, 41 Texas Practice -- Criminal Practice and
Procedure § 13.393 (2d ed. 2001).

 As support for its position that a factual dispute is required to get an instruction 
under article 38.22, the State points to several cases in which we held that the evidence
did not present a jury issue on voluntariness. However, the court of appeals standard
does not require a jury instruction in every case. Under this standard, the defense is still
required to introduce evidence at trial from which a reasonable jury could conclude that
the statement was not voluntary. Under article 38.22, there is no error in refusing to
include a jury instruction where there is no evidence before the jury to raise the issue. 
Miniel v. State, 831 S.W.2d 310, 316-17 (Tex. Crim. App. 1992); Hernandez v. State,
819 S.W.2d 806, 812 (Tex. Crim. App. 1991) (citing Wagner v. State, 687 S.W.2d 303,
307 (Tex. Crim. App. 1984)). Some evidence must have been presented to the jury that
the defendant's confession was not given voluntarily. Alvarado v. State, 912 S.W.2d
199, 211 n.9 (Tex. Crim. App. 1995); Hernandez, 819 S.W.2d at 812 (citing Brooks v.
State, 567 S.W.2d 2 (Tex. Crim. App. 1978)). However, when, as in this case, (4) the
defense introduces evidence at trial from which a reasonable jury could find that the
confession was not voluntarily made, a voluntariness instruction should be given. 

 

Conclusion

 Because Appellant made a timely objection to the exclusion of the voluntariness
instruction and because the court of appeals correctly stated the standard for determining
when an instruction on voluntariness is required under article 38.22, section 6, we affirm
the decision of the court of appeals.


 Meyers, J. 

Delivered: June 6, 2007

Publish
1. All subsequent references to "article" refer to the Texas Code of Criminal Procedure.
2. In circumstances that raise novel constitutional issues, a court must assign such error by
ordering briefing from the parties. The error need not be assigned in this case because no novel
constitutional issue is raised. Pena, 191 S.W.3d at 136. 
3. Article 38.23(a) states:

 No evidence obtained by an officer or other person in violation of any
provisions of the Constitution or laws of the State of Texas, or of the Constitution
or laws of the United States of America, shall be admitted in evidence against the
accused on the trial of any criminal case.

 In any case where the legal evidence raises an issue hereunder, the jury
shall be instructed that if it believes, or has a reasonable doubt, that the evidence
was obtained in violation of the provisions of this Article, then and in such event,
the jury shall disregard any such evidence so obtained.
4. After clarifying the standard for an instruction on voluntariness under article 38.22,
section 6, the court of appeals determined that the evidence presented at trial raised the issue of
voluntariness. The court then reversed the conviction and remanded for a new trial, holding that
Appellant was harmed by the trial court's erroneous refusal to instruct the jury in accordance with
article 38.22, section 6. No evidence has been presented nor any argument made that the court
improperly applied the standard or harm analysis.